**FILED**

MAR 1 2 2008

Clerk, U.S. District and
Bankruptcy Courts

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**PETITIONER**                                )
                                              )
Julie K. McCammon                             )
a/k/a Julie K. McCammon, MD, Inc.)            )    Case: 1:08-mc-00298
a/k/a Julie McCammon                          )    Assigned To : Kollar-Kotelly,
a/k/a Julie McCammon, MD                      )    Assign. Date : 5/12/2008
a/k/a Julie McCammon, MD, Inc.   )            )    Description: miscellaneous
a/k/a Julie Samet                             )
300 Davisson Run Road,                        )
Suite 303B                                    )
Clarksburg, WV 26301                          )
(304) 677-1599                                )
                                              )    **Petition to Quash IRS Summons**
V.                                            )
                                              )
                                              )
**RESPONDENTS**                               )
                                              )
The United States of America,                 )
                                              )
Chase Bank NA                                 )
One Chase Manhattan Plaza                     )
26th Floor                                    )
New York, NY 10005-1489                       )
                                              )
Huntington Banks                              )
230 W. Pike Street                            )
Clarksburg, WV 26301                          )
                                              )
WesBanco                                      )
1130 Johnson Avenue                           )
Bridgeport, WV 26330                          )
                                              )
shopbop.com                                   )
101 E. Badger Road                            )
Madison, WI 53713                             )
                                              )
QVC                                           )
1200 Wilson Drive                             )
West Chester, PA 19380                        )

Fee Pd
$39.00

- 1 -

# Petition to Quash IRS Summons

1. This is an action under the Special Procedures for Third Party Summons Act, 26 USC §7609, to halt the above-named third-party record keeper from revealing Petitioner's private records to the Internal Revenue Service, and to quash the summons.

2. This court has jurisdiction over this action pursuant to 26 USC 7609 (h), 28 USC §1331, §1340, §1346, and the First, Fourth, Fifth, Ninth and Tenth Amendments to the US Constitution.

3. This petition is being filed under FRCP 4.

4. Petitioner is a citizen of the United States or the state in which she resides and entitled to the protection of its laws. Respondent third-party record keeper is a resident of or is found in this district. All cases involving the United States as a party could be brought in the U.S. District Court for the District of Columbia.

5. According to law, Petitioner, a person entitled to Notice of the Summons under IRC 7609(a), has the right to begin these proceedings to quash such summons not later than the 20th day after the day such notice is given, and should mail within 20 days from the date of Notice at the address shown on the summons by registered or certified mail a copy of this petition to (A) the third-party record keeper who received the summons, and (B) to the IRS Officer before whom the summoned person is to appear at the address shown on the summons.

6. The records sought by the summons relate to the Petitioner and are her personal records. This Court should quash said summons, for the following reasons:

   A. The IRS has classified Petitioner as a "Tax Protester," has abandoned in an institutional sense the pursuit of a civil tax determination or collections purpose and has made an institutional commitment to make a referral to the Department of Justice for prosecution as it would merely like to gather evidence to aid a prosecution. *US v. LaSalle Nat. Bank*, 437 US 46 248, 98 S Ct 2357 (1978).

   B. The lack of good faith is reflected in the fact that Petitioner has never undergone an audit by a revenue officer in order to ascertain civil liability for a tax deficiency. It is apparent that the IRS has abandoned the pursuit of a civil tax determination or collection. The summons are invalid and, therefore, unenforceable.

   C. The IRS action certainly reflects on bad faith, lack of consideration for Petitioner's profession, and a violation of collection procedures. In the absence of good faith, the enforceability and legality of the summons is questionable.

   D. The Service, having abandoned the pursuit of Petitioner's civil tax liability, is attempting to use the summons for the impermissible purpose of gathering evidence solely for a criminal investigation, and is attempting to circumnavigate the traditional role of the

grand jury as the principal tool of criminal investigation in our society, *US v. LaSalle, supra.*

E. The IRS has made an informal determination while withholding the formal recommendation to the Department of Justice for prosecution of Petitioner in order to use this civil process to circumnavigate the decision of the Federal Courts.

F. The IRS has made a preliminary investigation into Petitioner's financial condition since it has access to a tremendous amount of financial data on taxpayer and has thusly abandoned any hope of making any civil collection in this case, but is delaying in submitting a formal recommendation to Justice in order to gather additional evidence, to expand its criminal discovery rights, and to serve as an information gathering agency for the prosecuting attorney.

G. The summons itself indicates that this is a criminal investigation as much of the information sought has no bearing on a civil investigation but is the type generally used exclusively for criminal prosecution. The Court should examine each type of document requested for a civil purpose. The Court, in examining each and every summons and all parts thereof, will discover that not all of the information sought contributes in some way to a civil inquiry.

H. Even if the Court could discover a general civil purpose for the tax investigation, this would not terminate judicial inquiry into

whether the summons (or parts thereof) issued during investigation exceeded the services' authority. The Court must focus on the purposes of each individual summons (or parts thereof) and not simply on the purpose of the investigation as a whole. If any one of many summons or parts thereof were issued solely for a criminal investigation, that particular summons should be suppressed, even in the face of an overwhelmingly civil purpose of the investigation as a whole. The IRS simply would lack statutory authority to issue that particular summons. *US V. Genser*, 595 F 2d 146 (NJ 1979).

I.  The Service only has the authority granted to it by Congress. The Congress has given the IRS administrative summons powers in IRC §7603 and §7604 to be used only in civil cases and has not yet given this administrative agency mandatory criminal investigative powers. Therefore, the IRS simply does not have the authority to summons those particular third-party records that would be used only in criminal prosecutions.

J.  The information in the possession of the Respondent third party is of a private nature and was not intended to be given to parties not authorized by Petitioner. Furnishing such personal and private information about Petitioner to the IRS or any other governmental body without Petitioner's consent is a violation of her person, her

privacy, her Constitutional rights, and her natural rights, which must be protected by the government.

K. The IRS summons are not issued in good faith as the information sought by the individual summons is too broad, too sweeping in detail, to be used by the IRS only to prove the actual existence of a valid civil tax determination or for a collection purpose. Actually, some of the items sought by the summons are only needed by the Justice Department to aid in criminal prosecutions not related to taxes.

L. The summons was not issued in good faith, not conducted pursuant to a legitimate purpose, and not relevant to any lawful purpose. The information is already within the commissioner's possession; the required administrative steps have not been followed. The summons is an abuse of the administrative process and issued for the improper purpose of harassing and pressuring the Petitioner. *US V. Powell,* 379 US 78, 85 S Ct 248 (1964).

M. IRS Manual Supplement 9G-93, (and subsequent manual section the procedural guideline for prosecuting those persons classified by said agency as "tax protesters," removes any room for discretion on the part of the individual agents assigned to the case. MS 9G-93, IRM 9383.6 and other IRS procedures on persons similarly labeled as Petitioner, set forth a policy whereby the cases are totally criminal *ab initio,* to the extent that individual agents and

the Service itself have no discretion or authority to compromise whatsoever in these cases. This manual is, by itself, the institutional commitment to prosecute.

7. The government alleges that one refuting the summons bears the burden of disproving the actual existence of a valid civil tax determination or collections purpose. To meet said burden, Petitioner needs adequate pre-hearing discovery. Petitioner, given sufficient discovery, can prove:

    A.  No further existence of a continuing civil purpose;

    B.  A pre-existing institutional commitment to prosecute;

    C.  The failure of the summons to advance a civil purpose;

    D.  Improper purpose, political harassment, etc.

8. In her affidavit and Summary of Authorities, to be filed henceforth, Petitioner will enumerate actions of the government which will indicate, assuming actions speak louder than words, the true nature of this investigation, and will show the attempt of the two agencies to circumnavigate the traditional role of the grand jury and the other Constitutional protections of the Petitioner as guaranteed in the Bill of Rights.

9. The Tax Equity and Fiscal Responsibility Act of 1982, which contains the provision under which this Act was passed, provided taxpayers the right to petition to quash the summons. Obviously, the Congress meant for

the suit to be meaningful, with adequate pre-hearing discovery, plus a real evidentiary hearing with government witnesses testifying under oath.

10.    §7603 provides that the summons be "attested," and this is mandatory. The IRS summons in this case is not attested or not attested properly, because, *inter alia,* it is not notarized or worded properly.

11.    The Court should quash the administrative summons issued with respect to the Petitioners on the alternate ground that the IRS failed to satisfy all statutory prerequisites thereto; namely, that in making its respective determinations regarding the Petitioner alleged tax liabilities for each of the years in question, inclusive, the IRS neglected to give reasonable advance notice to the Petitioner is that it intended to seek information from third-parties.

12.    Before the IRS directed its administrative summons to the Respondent record keepers, it was required to give the Petitioner a "third-party contact notice" before it made contact with any party, other than the Petitioner to determine their liability for any tax. 26 U.S.C. §7602[c]; 26C.F.R.§ 301.7602.2[a] ("[subject to restriction not involved in this case], no officer or employee of the Internal Revenue Service (IRS) may contact any person other than the taxpayer with respect to the determination or collection of such taxpayer's tax liability without giving the taxpayer reasonable notice in advance that such contacts may be made.")

13.     In this case, however, not only did the Petitioner not receive from the IRS the third-party contact notice mandated by 26 U.S.C. §7602[c], but the IRS's own records reveal a complete absence of any evidence that the IRS ever sent the Petitioner such a notice. Thus, the IRS did not send the Petitioner a third-party contact notice as require by 26 U.S.C. §7602[c] before it directed the administrative summons respecting them to Respondent's record-Keepers. As such, the IRS has failed to satisfy the "all administrative steps required by the Internal Revenue Code for issuance of a summons" component of the test laid down for the IRS by the Supreme Court of the United States in *United States v. Powell*, 379 U.S. 48, 58 (1964).

14.     Given that the IRS must satisfy every element of the *Powell* test before its summonses may be given legal force and effect, the IRS's failure to do so in instant case requires the Court to quash the subject summons.

15.     The IRS CID has placed in Petitioners' permanent files and records a 914 Control Form. This form is issued by CID to be placed in the file of one who is subject to an ongoing investigation. This notifies the revenue agents or civil investigators that an active criminal case is pending and that all civil liability cases or audits are to be suspended. Further, the civil revenue officers are not to have any contact with this taxpayer so as not to interfere with an active criminal case. Since the Auditor and

Collections cannot be involved with this summons, then it cannot be an accurate purpose and failed the *La Salle* critera.

16.    **Schultz II Case:** In so far as any defendant in this case who is a third-party record keepers but not classified under §7609 as third-party financial record-keepers or is any person, party, who is not covered by provisions of IRC §7609 but are defendants in this case, the Due Process clause of the 5th and 14th Amendments apply.

17.    In the earthshaking **Schultz II case** [413 F.3d 297(2d NY), 95 A.F.T.R.2d 2005-3007, 2005 WL 152090] the Second Circuit Court of Appeals on June 29, 2005 ruled that the Due Process Clause of the Constitution was now applied to the IRS in the same manner as it has always applied to all government agencies and parties. Now all IRS actions against a citizen are subject to judicial scrutiny.

18.    Under the modern Due Process Clause, the Second Circuit reasoned, the government can have no adverse action against a citizen without being subject to judicial scrutiny. And, of course a judge is defined as a lifetime appointment without diminishment of salary, in other words, independent (in some cases very independent).

19.    Therefore, if judicial scrutiny under IRC §7609 is disallowed for a third-party record-keeper who is not under the purview of §7609, then judicial scrutiny comes from the Fifth and Fourteenth Amendments by way of the Schultz II case. Statute §7609 is clearly independent judicial

intervention to satisfy the DPC for financial record-keepers. When it does not apply, then the due process clause applies under Constitutional Law.

20.　　In the alternative, should this Court not quash the summons, Petitioner requests that the Court provide in its order that the IRS/DOJ not be allowed to use information gathered by the summons in a criminal case. The Government would not object to this provision in the final order because they have stated all along that this civil summons will be used strictly for a civil tax liability case.

21.　　The IRS third-party summons are attached or will be provided to this court.

22.　　Petitioner incorporates herein by reference her affidavit, memorandum of law and supplemental motions to be filed hereafter.

**Wherefore,** Petitioner requests that the court quash the IRS summons directed to third-party record keepers, and award to the Petitioner her costs, fees and other just relief.

Date: May 12, 2008

**Elias Aoun, Esq. Bar Number 479315**
**1730 N. Lynn St., # A-22**
**Arlington, VA 22209-2004**
**e-mail: Lawyer2008@yahoo.com**
**Cell Phone: (202) 257-7796**

## AFFIDAVIT OF SERVICE

I, Elias Aoun, hereby declare that on or about the 12th day of May, 2008, I will

mail a copy of this Petition to Quash IRS Summons, certified mail requested, to

The United States of America,
The U.S. Attorney for the District of Columbia,
Internal Revenue Service,
The U.S. Attorney General,
Chase Bank NA,
Huntington Banks,
WesBanco,
shopbop.com, and
QVC

**Elias Aoun, Esq. Bar No. 479315**
**1730 N. Lynn Street #A-22**
**Arlington, VA 22209**
**Cell Phone: 202-257-7796**



# Summons

In the matter of Julie K. McCammon; Julie K. McCammon, MD, Inc.
Internal Revenue Service (Division): Criminal Investigation
Industry/Area (name or number): Pittsburgh Field Office
Periods: Tax Years 2003, 2004, 2005 and 2006

## The Commissioner of Internal Revenue

**To:** Julie K. McCammon, MD, Inc. - Julie McCammon - President
**At:** 300 Davisson Run Road, Suite 303B, Clarksburg, WV 26301

You are hereby summoned and required to appear before Jeffrey G. James or any designated representative an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

SEE ATTACHMENT

### Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_____    Special Agent
Signature of IRS officer serving the summons    Title

**Business address and telephone number of IRS officer before whom you are to appear:**

11 Chenoweth Drive, Suite 2, Bridgeport, WV 26330 Phone (304) 842-6068

**Place and time for appearance at** 11 Chenoweth Drive, Suite 2, Bridgeport, WV 26330

**IRS** on the 12th day of May, 2008 at 9:00 o'clock a m.
Issued under authority of the Internal Revenue Code this 29th day of April, 2008.

Department of the Treasury
Internal Revenue Service
www.irs.gov    _____ Special Agent
Signature of issuing officer    Title
N/A    N/A
Form 2039 (Rev. 12-2001)    Signature of approving officer (if applicable)    Title
Catalog Number 21405J

Part A - to be given to person summoned



# Summons

In the matter of Julie K. McCammon; Julie K. McCammon, MD, Inc.

Internal Revenue Service (Division): Criminal Investigation

Industry/Area (name or number): Pittsburgh Field Office

Periods: Tax Years 2003, 2004, 2005 and 2006

## The Commissioner of Internal Revenue

To: shopbop.com

At: 101 E. Badger Road, Madison, WI 53713

You are hereby summoned and required to appear before Jeffrey G. James or any designated representative
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Records relating to all purchases made under any account held by Julie K. McCammon, Julie McCammon, Julie K. McCammon, MD or Julie K. McCammon, MD, Inc., or to which these entities are a party, including, but not limited to:

-invoices
-shipping orders/records
-customer service records
-statements of account
-record of payment including method of payment
-credit applications
-financial statements

and any other indicia of a financial relationship between shopbop.com and the above-named entities.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

11 Chenoweth Drive, Suite 2, Bridgeport, WV 26330 Phone (304) 842-6068

**Place and time for appearance at** 11 Chenoweth Drive, Suite 2, Bridgeport, WV 26330

**IRS**

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the 27th day of May 2008 at 9:00 o'clock a m.

Issued under authority of the Internal Revenue Code this 2nd day of May, 2008

_____ Signature of issuing officer

Signature of approving officer (if applicable)

Special Agent
Title

N/A
Title

Part C — to be given to noticee



# Summons

In the matter of Julie K. McCammon; Julie K. McCammon, MD, Inc.
Internal Revenue Service (Division): Criminal Investigation
Industry/Area (name or number): Pittsburgh Field Office
Periods: Tax Years 2003, 2004, 2005 and 2006

## The Commissioner of Internal Revenue

To: QVC

At: 1200 Wilson Drive, West Chester, PA  19380

You are hereby summoned and required to appear before Jeffrey G. James or any designated representative
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Records relating to all purchases made under account number 8717-2857 or any other account held by Julie K. McCammon, Julie McCammon, Julie K. McCammon; MD or Julie K. McCammon, MD, Inc., or to which these entities are a party, including, but not limited to:

-invoices
-shipping orders/records
-customer service records
-statements of account
-record of payment including method of payment
-credit applications
-financial statements

and any other indicia of a financial relationship between QVC and the above-named entities.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

11 Chenoweth Drive, Suite 2, Bridgeport, WV  26330 Phone (304) 842-6068

**Place and time for appearance at** 11 Chenoweth Drive, Suite 2, Bridgeport, WV  26330

# IRS

on the ___27Th___ day of ___May___ ___2008___ at ___9:00___ o'clock ___a___ m.

Issued under authority of the Internal Revenue Code this ___2nd___ (year) day of ___May___, ___2008___.

**Department of the Treasury**
**Internal Revenue Service**

_____Jeffrey D. James_____         Special Agent
Signature of issuing officer                              Title

**www.irs.gov**
                                          N/A
_____
Signature of approving officer (if applicable)            Title

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

Part C — to be given to noticee



# Summons

In the matter of  Julie K. McCammon; Julie K. McCammon, MD, Inc.
Internal Revenue Service (Division):  Criminal Investigation
Industry/Area (name or number):  Pittsburgh Field Office
Periods: Tax Years 2003, 2004, 2005 and 2006

## The Commissioner of Internal Revenue

To: WesBanco
At: 1130 Johnson Avenue, Bridgeport, WV  26330

Jeffrey G. James or any designated representative

You are hereby summoned and required to appear before an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

SEE ATTACHMENT

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**
11 Chenoweth Drive, Suite 2, Bridgeport, WV  26330 Phone (304) 842-6068

**Place and time for appearance at** 11 Chenoweth Drive, Suite 2, Bridgeport, WV  26330

**IRS**

on the __27Th__ day of __May__ __2008__ at __9:00__ o'clock __9__ m.
Issued under authority of the Internal Revenue Code this __2nd__ day of __May__, __2008__

Department of the Treasury
Internal Revenue Service

_____ Signature of issuing officer

Special Agent _____ Title

N/A _____ Title

www.irs.gov

_____ Signature of approving officer (if applicable)

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

**Part C — to be given to noticee**



# Summons

In the matter of  Julie K. McCammon; Julie K. McCammon, MD, Inc.

Internal Revenue Service (Division):  Criminal Investigation

Industry/Area (name or number):  Pittsburgh Field Office

Periods: Tax Years 2003, 2004, 2005 and 2006

## The Commissioner of Internal Revenue

To:  Huntington Banks

At:  230 W. Pike Street, Clarksburg, WV  26301

You are hereby summoned and required to appear before  Jeffrey G. James or any designated representative
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

SEE ATTACHMENT

Do not write in this space

Business address and telephone number of IRS officer before whom you are to appear:

11 Chenoweth Drive, Suite 2, Bridgeport, WV  26330 Phone (304) 842-6068

Place and time for appearance at  11 Chenoweth Drive, Suite 2, Bridgeport, WV  26330

**IRS**  on the ___27th___ day of ___May___ ___2008___ at __9:00__ o'clock __a__ m.

Issued under authority of the Internal Revenue Code this __2nd__ (year) day of ___May___ , ___2008___ (year).

Department of the Treasury
Internal Revenue Service

_____Jeffry A James_____    Special Agent
Signature of issuing officer    Title

www.irs.gov

N/A

Form 2039 (Rev. 12-2001)    Signature of approving officer (if applicable)    Title
Catalog Number 21405J

Part C — to be given to noticee

May 03 2008 6:42PM   HP 4SERJET FAX                                    P.1



# Summons

In the matter of  Julie K. McCammon; Julie K. McCammon, MD, Inc.

Internal Revenue Service (Division):  Criminal Investigation

Industry/Area (name or number):  Pittsburgh Field Office

Periods: Tax Years 2003, 2004, 2005 and 2006

## The Commissioner of Internal Revenue

To:  Chase Bank NA

At:  One Chase Manhattan Plaza - 26th Floor, New York, NY  10005-1489

You are hereby summoned and required to appear before  Jeffrey G. James or any designated representative
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

SEE ATTACHMENT

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

11 Chenoweth Drive, Suite 2, Bridgeport, WV  26330 Phone (304) 842-6068

**Place and time for appearance at**  11 Chenoweth Drive, Suite 2, Bridgeport, WV  26330

# IRS

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the ___27th___ day of ___May___, 2008 at 9:00 o'clock a m.
Issued under authority of the Internal Revenue Code this 2nd (year) day of ___May___, 2008.
(year)

_____
Signature of issuing officer

Special Agent
Title

N/A
_____
Signature of approving officer (if applicable)          Title

**Part C — to be given to noticee**