# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JULIE K. MCCAMMON,             )
                               )
       Petitioner,          )
                               )
v.                             )    CASE NO: 1:08-mc-00298
                               )
UNITED STATES, et al.,         )
                               )
       Respondents.         )

# MEMORANDUM OF LAW

# IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

1. Respondent United States filed a motion to dismiss claiming that this Court "lacks subject matter jurisdiction…"

2. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). In reviewing a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true, draws all inferences in favor of the plaintiff, and views the allegations in the light most favorable to the plaintiff. *Badger Pharmacal, Inc. v. Colgate Palmolive Co.*, 1 F.3d 621, 626 (7th Cir.1993).

3. Therefore, this Court must view all allegations presented in the light most favorable to petitioner Julie K. McCammon.

# ARGUMENT

4.  Jurisdiction is of three kinds: of the subject matter, of the person, and to render particular judgment which was given. *City of Phoenix v. Rodgers*, 44 Ariz. 40, 34 P.2d 385, 388. Also, Jurisdiction may mean only venue. *Fiolat v. Minnesota-Atlantic Transit Co.*, D.C. Minn., 31 F.Supp. 219, 220.

## I. This Court has subject matter jurisdiction

5.  "Jurisdiction of subject-matter" means jurisdiction of class of cases to which particular case belongs. *Honea v. Graham*, Tex.Civ.App., 66 S.W. 2d 802, 804.

6.  Subject-matter jurisdiction involves the court's power to hear a case and can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860. Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760.

7.  In its motion, the Department of Justice stated that this Court "lacks subject matter jurisdiction." However, if a person is summoned under the internal revenue laws, the U.S. district courts do have subject-matter jurisdiction to adjudicate such a case. 26 USC 7609(h), 7604(a) and 7402(b)

8.  The DOJ attributed the lack of "subject matter jurisdiction" to the fact

that "the summoned parties are not located or found in this judicial district." However, in *Skul v. U.S.*, United States District Judge John R. Adams stated: "this court lacks personal jurisdiction over Greenpoint Mortgage Funding, Inc. and Kimco Realty Corporation. This is not the district court within which either of those parties to be summoned resides." *Skul v. U.S.*, 2007 WL 1144799 (N.D.Ohio 2007).

9. The fact that summoned parties are not located in a district is a matter of "personal jurisdiction," which the DOJ did not specifically mention by name but attributed its argument to subject matter jurisdiction. By failing to adequately contest personal jurisdiction, defendant had waived their defenses under FRCP Rule 12(h)(1) – and thus have "effectively consenting to court's exercise of adjudicatory authority." *Ruhrgas AG v. Marathon Oil Co.* 526 U.S. 574, 119 S. Ct. 1563 (U.S.Tex. 1999).

10. FRCP Rule 12(h)(1) states that a "party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." One of these defenses is personal jurisdiction.

11. Respondent United States had omitted to specifically contest the issue of "personal jurisdiction." As a matter of fact, none of the banks and corporate entities served in this lawsuit had even contested jurisdiction

as of yet. Therefore, Respondents have waived their defense on this jurisdictional matter.

12. LCvR7(b) states: "Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."

13. According to 28 U.S.C. §1406(b), "nothing … shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."

14. Since Respondents have not contested jurisdiction properly, Respondents' failure amounts to a waiver. Respondent United States' motion is not "sufficient objection" and other Respondents had no objections at all. Therefore the jurisdiction of this Court is not impaired.

15. This Court has subject matter jurisdiction and must deny Defendant's motion to dismiss.

## II. This Court has personal jurisdiction over the parties

16. "Jurisdiction of the person" is the power to subject parties in a particular case to decisions and rulings made in such case. *Collins v. Powell*, 224 Iowa 1015, 277 N.W. 477, 481.

17. This Court has personal jurisdiction over the parties. QVC, shopbop.com, WesBanco, Huntington Banks, and Chase Bank NA did not file any

objection to challenge this Court's jurisdiction. Their failure to do so is acquiescence to said jurisdiction under FRCP Rule 12(h)(1), LCvR7(b), and 28 U.S.C. §1406(b).

18. In addition, Respondent United States of America is "located and found" in the District of Columbia.

19. Chase Bank is believed to be the same legal entity as Chevy Chase Bank, which has many branches in the District and are listed in the District's business directory.

20. Shopbop.com sells to consumers around the world, including this district. It is a subsidiary of Amazon which is registered with the SEC in Washington, DC. Shopbop.com has a "chapter" anywhere there is an Internet access or simply a telephone. The same applies to QVC.

21. In addition to its banking services, WesBanco operates an insurance company and a full service investment and brokerage operations. Huntington is also the owner of Unified Fund Services which offers online trading. It is hard to believe that WesBanco or Huntington Banks transact no business with any resident of the District of Columbia.

22. Due to the time limitation given to respond to the DOJ's motion, Petitioner would like to request from this Court a permission to conduct discovery with Respondents to further ascertain the extent of their business connections with the District of Columbia and to offer more proof that this Court does have jurisdiction.

### III. Under certain circumstances, Internet Commerce could Support Jurisdiction

23. The cases addressing 26 U.S.C. § 7609 all pre-date the widespread use of the Internet and the access to commerce provided by the world-wide Web. In considering the consequences of Internet commerce with respect to personal jurisdiction, certain courts have adopted a "sliding scale" approach that allows jurisdiction in direct proportion to the nature and quality of the commercial activity which the entity conducts over the Internet. *Mink v. AAAA Development*, 1 LLC, 190 F.3d 333 (5th Cir.1999); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir.1997).

24. The essential inquiry in locating the constitutional limits on court jurisdiction over absent defendants is whether the particular exercise of jurisdiction offends "traditional notions of fair play and substantial justice." *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940).

25. The Ninth Circuit has set out a three-part test to determine the appropriateness of exercising specific jurisdiction over a non-resident defendant. *Cybersell*, 130 F.3d at 416 (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir.1995)).

26. In this case, some records sought by the IRS are the result of the record keepers' Web commerce. Since Petitioner engaged in Internet commerce with some record keepers, the exercise of jurisdiction based on Web

activity would be reasonable – since respondents engage in that same activity with consumers within the District of Columbia.

27. QVC and shopbop.com are not an actual store with physical address. They are "found" anywhere and everywhere there is an Internet or phone access – which is the manner by which they transact business with their clients in every district, including the District of Columbia.

28. One can say that they have a "chapter" anywhere there is an Internet. As a matter of fact, the following Amazon website (Amazon is parent company of shopbop.com) posts an "STC Washington DC, Chapter Store":

http://astore.amazon.com/stcwashindcch-20?_encoding=UTF8&node=22

### IV. The "Minimum" Jurisdictional Consideration

29. According to 26 USC 7609, "the United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)." However, the statute does not define "found."

30. The existence of *in personam* (or personal jurisdiction) depends upon a sufficient connection between the defendant and the forum state to make it fair to require defense of the action in the forum. A person is subject to *in personam* jurisdiction on any of the following theories: (1) Presence, (2)

Domicile (3) Consent to personal jurisdiction, and (4) Minimum Contacts.

31. As stated previously, since Respondent banks and corporate entities failed to contest this Court's jurisdiction, they have indirectly consented to it.

32. Based on the Minimum Contacts standards, having sufficient dealings or affiliations with the forum jurisdiction makes it reasonable to require the defendant to defend a lawsuit brought in the forum state. Hence, a defendant who has never set foot in California may nevertheless be subject to valid personal jurisdiction so as to be compelled to defend a lawsuit in California provided that he has minimum contacts with the forum state such that compelling him to appear and defend in the forum does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

33. The Four Minimum Contacts Principles of *International Shoe* are as follows:

    1) Jurisdiction is permissible when the defendant's activity in the forum is continuous and systematic and the cause of action is related to that activity.

    2) Sporadic or casual activity of the defendant in the forum does not justify assertion of jurisdiction on a cause of action unrelated to that forum activity.

    3) A court may assert jurisdiction over a defendant whose continuous activities in the forum are unrelated to the cause of action sued upon when the defendant's contacts are sufficiently substantial and of such a nature as to make the state's assertion of jurisdiction reasonable. ("general jurisdiction")

    4) Even a defendant whose activity in the forum is sporadic, or consists only of a single act, may be subject to the jurisdiction of the forum's courts when the cause of action arises out of that activity or act. ("specific jurisdiction")

34. *Helicopteros Nationales De Colombia, S.A. v. Hall*, 466 U.S. 408, (1984) recognizes a distinction between "general" and "specific" jurisdiction. In order to assert general jurisdiction there must be substantial forum related activity on the part of the defendant. The threshold for satisfying minimum contacts is higher than in specific jurisdiction cases.

35. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed. 1283 (1958) held that the "minimum contacts" a defendant must have with the forum state must be in the form of a purposeful affiliation on the part of the defendant. I.e., jurisdiction is impermissible where the defendant's contact with the forum is not purposeful.

36. "Long-arm" statutes (a reference to the authorization to "reach out" beyond the borders of a state) predicate jurisdiction over nonresidents upon a variety of contacts with the forum, including the transaction of

business in the state, the commission of certain acts within the state, e.g., the commission of a tort, ownership of property, entering into a contract.

37. In this case, the IRS summonses are based on collecting Petitioners' financial data and/or business transactions with Respondents. The issue then becomes, do Respondents have "sufficient dealings or affiliations" with the District of Columbia? Is it "continuous and systematic" or "sporadic"? Is this affiliation "purposeful"? These questions could certainly be answered fully by the Court or upon further discovery and investigation into Respondents business transactions.

38. As for now, one issue is clear: Respondents (or another entity affiliated with them) do transact business in the District of Columbia – the same type of transactions the IRS summonses seek to collect about Petitioner.

39. Petitioner believes that Responds do meet – at least – one of the standards outlined in *International Shoe*. There is no question that some, if not all, respondents have a large number of customers in the District conducting transactions with Respondents similar to that of Petitioner's – making Respondents subject to the jurisdiction of the forum's courts since the cause of action arises out of that activity.

40. This court must take notice of the fact that Respondents maintain interactive Web sites through which any resident of Washington, DC can open accounts, access personal accounts, buy and sell securities, communicate with customer service representatives via e-mail, or

conduct other regular business. This court must take notice that Respondents are certainly "found" in the District.

41. The clear focus in *International Shoe* was on fairness and reasonableness. *Kulko v. California Superior Court*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978). Respondents' presence in the District of Columbia, through the Web or other medium, is an advantage to them. It would be unreasonable to permit them to take advantage of a nationwide presence but not be burdened by it. It would also be unreasonable to place that burden on Petitioner who has far less resources than Respondents.

42. The available facts satisfy the constitutional minimum of *International Shoe*. Respondents are linked to this District, and their burden of defending here is not unreasonable. Doing so would even serve the purpose of judicial economy if all parties are represented in one district.

## CONCLUSION

43. In conclusion, in making a determination on whether to dismiss a case, the court must take all the allegations in the light most favorable to the plaintiff.

44. Even if the Court still considers jurisdiction to be improper, improper jurisdiction does not require this Court to deny the petition to quash IRS summons. A district court may transfer a case "if it be in the interest of justice." *Hondros v. United States Civil Service Com'n*, 720 F.2d 278, 299

(3d Cir.1983). In Hondros, the court stated that it is impossible to "conclude … that Congress intended to handcuff the federal courts by prohibiting them from transferring a case improperly filed in the district courts to the Claims Court when the interests of justice so require." Id. at 299 n. 41. Krapf v. U.S., 604 F. Supp. 1164 (D.C.Del., 1985).

45. Petitioner is entitled to all the protections and immunities under the law. If Petitioner does not have an attorney to represent her in her district, and if she does not wish to represent herself before a court, then it would be in the interest of justice to hear her case in any jurisdiction where she can be represented and heard.

46. The Constitution does not require that trial be held in the State which has the "best contacts" with the defendant. See *Shaffer v. Heitner*, 433 U.S. 186 at 228, 97 S.Ct. 2569 at 2592 (1977) (BRENNAN, J., dissenting).

47. "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394; *Louisville & N. R. Co. v. Schmidt*, 177 U.S. 230, 236, 44 S. L. ed. 747, 750, 20 Sup. Ct. Rep. 620; *Simon v. Craft*, 182 U.S. 427, 436, 45 S. L. ed. 1165, 1170, 21 Sup. Ct. Rep. 836. "It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552. (1965). "The right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and

hardships of a criminal conviction, is a principle basic to our society."
*Matthews v. Eldridge*, 424 U.S. 319 (1976).

48. For reasons listed herein, the U.S. District Court for the District of Columbia has a jurisdiction to adjudicate this case and grant Plaintiff any relief the Court deems appropriate. Respondent's Motion to Dismiss should be denied.

Respectfully submitted,

_____/s/Elias Aoun_____                    Date: June 9, 2008
Elias Aoun, Esq. Bar Number 479315
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
Cell Phone 202-257-7796

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE K. MCCAMMON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO: 1:08-mc-00298 |
| ) | |
| UNITED STATES, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER**

Upon consideration of Petitioner's Response to the United States' motion to dismiss, and for good cause shown, it is:

ORDERED that the motion to dismiss is DENIED; and

ORDERED that the Petition to Quash IRS Summons is GRANTED

Dated: _____, 2008          _____
                                  UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Elias Aoun, certify that on or about June 9, 2008, true and correct copies of the foregoing were sent via U.S. Mail to the following:

> BENJAMIN J. WEIR, ESQUIRE
> Trial Attorney, Tax Division
> U.S. Dept. of Justice
> P. O. Box 227
> Ben Franklin Station
> Washington, DC 20044
>
> Chase Bank NA
> One Chase Manhattan Plaza
> 26th Floor
> New York, NY 10005-1489
>
> Huntington Banks
> 230 W. Pike St.
> Clarksburg, WV 26301
>
> WesBanco
> 1130 Johnson Ave.
> Bridgeport, WV 26330
>
> Shopbop.com
> 101 E. Badger Rd.
> Madison, WI 53713
>
> and
>
> QVC
> 1200 Wilson Dr.
> West Chester, PA 19380.

/s/ Elias Aoun
ELIAS AOUN