IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE K. MCCAMMON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES, et al., )<br>)<br>Respondents. ) | No. 1:08-mc-00298 |

**UNITED STATES' REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS**

This case concerns Julie McCammon's petition to quash Internal Revenue Service administrative summonses issued to Chase Bank NA, Huntington Banks, WesBanco, shopbop.com, and QVC. On June 4, 2008, the United States filed a motion to dismiss the complaint on the grounds that this Court lacked subject matter jurisdiction because the summoned parties were not located within this judicial district as the statute allowing petitions to quash requires. McCammon opposed the United States' motion asserting that: (1) the Court has subject matter jurisdiction; (2) respondents have waived any challenges to personal jurisdiction; and (3) the summons recipients' internet commerce confers jurisdiction; and (4) the minimum contacts principles of International Shoe Co. V. Washington, 326 U.S. 310 (1945) are fulfilled. These arguments fail and the United States' motion to dismiss should be granted in full.

**I.     Contrary to McCammon's claim, the applicable statutory authority does not confer subject matter jurisdiction to her petition**

The United States moved to dismiss the complaint because petitions to quash must be filed in the judicial districts in which the summoned parties are located. (U.S. Mot. Dismiss 2.) Citing 26 U.S.C. §§ 7402(b), 7604(a), and 7609(h), McCammon asserts that "if a person is summoned under the internal revenue laws, the U.S. district courts have subject-matter jurisdiction to adjudicate such a case." (Pl.'s Opp. ¶ 7.)

This claim is incorrect and is explicitly contradicted by the statutes upon which plaintiff relies. The statutes do not confer jurisdiction upon every district court, but rather require that the petition to quash be filed in "[t]he United States district court for the district within which the person to be summoned resides or is found." 26 U.S.C. § 7609(h); see also 26 U.S.C. § 7402(b) ("the district court of the United States for the district in which such person resides or may be found shall have jurisdiction . . ."); 26 U.S.C. § 7604(a) ("the United States district court for the district in which such person resides or is found shall have jurisdiction. . .").

McCammon's claim that subject matter jurisdiction is conferred upon any district court in the United States is, therefore, incorrect. Deal v. United States, 759 F.2d 442 (5th Cir. 1985); accord, Fortney v. United States, 59 F.3d 117, 119 (9th cir. 1995); Kondik v. United States, 922 F.Supp. 54, 55 (N.D. Ohio 1995), aff'd, 81 F.3d 655 (6th Cir. 1996); Beck v. United States, 2002 WL 31274016, *1 (E.D. Ky. 2002), aff'd, 60 Fed.Appx. 551 (6th Cir. 2003); Gerber v. United States, 2006 WL 3077460, *1 (D.D.C. 2006).

**II.     McCammon's claims regarding personal jurisdiction are irrelevant**

McCammon makes much-to-do regarding the issue of personal jurisdiction in this case. (See Pl's. Opp. ¶¶ 8-42.) These arguments are immaterial as the United States moved to dismiss based on subject matter jurisdiction. Cases regarding personal jurisdiction are irrelevant to a determination of whether a court has subject matter jurisdiction under section 7609. See Cayman Nat. Bank, Ltd. v. United States, No. 06-50-T-24, 2007 WL 641176, at *2 (M.D. Fla. Feb. 26, 2007) ("various courts have found that the [] 'resides' or 'found' provisions in § 7609(h) go to a court's subject matter jurisdiction") (collecting cases omitted); See also Cook v. U.S., No. 01-951, 2002 WL 221084, at *2 (D. Or. Jan. 8, 2002) ("The personal jurisdiction cases cited and discussed by Petitioner are inapposite to the Court's analysis of subject matter jurisdiction pursuant to 26 U.S.C. § 7609(h)(1).").

**III.    The summons recipients do not reside and are not found within this judicial district**

McCammon incorrectly asserts that the other respondents reside or are located within this judicial district because they either have an office within this judicial district or operate a website accessible to residents of the District of Columbia.1/ (See Pl.'s Opp. ¶¶ 38-41.) These assertions are unfounded.

---

1/The United States notes that these arguments are contained within the subsection of McCammon's opposition regarding personal jurisdiction and, thus, are inapposite to this case. See Section II, *supra*.

### a.     Chase Bank NA is not located within this judicial district

McCammon states that "Chase Bank is believed to be the same legal entity as Chevy Chase Bank, which has many branches in this District. . ." (Pl.'s Opp. ¶ 19.) This claim is specious.

A review of Chase Bank and Chevy Chase Bank's websites show that these entities are unrelated.2/ Chevy Chase Bank's annual report for 2007 does not disclose any affiliation or relationship with Chase Bank NA . See http://www.chevychasebank.com/htm/2007_annual.pdf (Last visited June 12, 2008). Further, the branch locator search feature on Chase Bank's website reveals that Chase Bank has no locations within the District of Columbia. See http://www.chase.com/ccp/index.jsp?pg_name=ccpmapp/shared/assets/page/Branch_Locator (last searched June 12, 2008).  3/

### b.     Internet contacts with this judicial district are insufficient to create subject matter jurisdiction under 26 U.S.C. § 7609(h)

McCammon claims that "Internet Commerce" supports jurisdiction in this case regarding QVC, shopbop.com, and Huntington Bank. (Pl.'s Opp. ¶¶ 20-21, 23-28.)

---

2/When making a determination of whether to dismiss for lack of subject matter jurisdiction, it is "well establish" that a court may "consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." Martens v. United States, No. 05-1805, 2007 WL 2007580 at * 1 (D.D.C. July 6, 2007).

3/Additionally, the undersigned counsel states pursuant to 28 U.S.C. § 1746 that on June 13, 2008, he telephonically contacted Chevy Chase Bank's branch location at 336 Pennsylvania Avenue, SE, Washington, DC, 20003 and was informed that Chevy Chase Bank was wholly unrelated to Chase Bank NA.

However, McCammon's opposition considers "Internet commerce with respect to personal jurisdiction," rather than subject matter jurisdiction. (See Pl.'s Opp. ¶ 23.) This admission is telling. Put simply, internet commerce does not provide a court with subject matter jurisdiction pursuant to section 7609. Oldham v. United States, No. 01-1410, 2002 WL 850205 at *2 (D. Or. Mar. 21, 2002) (holding that "Computer access does not satisfy the jurisdiction requirement under 26 U.S.C. § 7609); Scharringhausen v. United States, No. 02-2343, 2003 WL 21517773 at *1 (S.D. Ca. Jan. 15, 2003) (holding that the summons recipient's internet commerce within the judicial district was insufficient to create jurisdiction pursuant to section 7609 because it did not have an office located within the judicial district.); see also Section II, *supra*.

Chase Bank NA, Huntington Banks, WesBanco, QVC and shopbop.com are not located within this judicial district. (See U.S. Mem. Of Law. 1.) Therefore, under 26 U.S.C. § 7609(h) this Court does not have subject matter jurisdiction.

## Conclusion

None of the third-party summons recipients are located within this judicial district. This Court, therefore, does not have subject matter jurisdiction over plaintiff's petition to quash. The United States' motion to dismiss should be granted in full.

Date:  June 13, 2008.

                                              Respectfully submitted,

                                              ____/s/ Benjamin J. Weir_____
                                              BENJAMIN J. WEIR (D.C. Bar No. 494045)
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              Post Office Box 227
                                              Ben Franklin Station
                                              Washington, D.C.  20044
                                              Telephone: (202) 307-0855
                                              Fax: (202) 514-6866
                                              benjamin.j.weir@usdoj.gov
                                              *Counsel for United States*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on June 13, 2008, true and correct copies of the foregoing were sent via U.S. Mail to the following:

>ELIAS AOUN, ESQUIRE
>1730 N. Lynn Street, No. A-22
>Arlington, VA  22209
>
>Chase Bank NA
>One Chase Manhattan Plaza
>26th Floor
>New York, NY 10005-1489
>
>Huntington Banks
>230 W. Pike St.
>Clarksburg, WV 26301
>
>WesBanco
>1130 Johnson Ave.
>Bridgeport, WV 26330
>
>Shopbop.com
>101 E. Badger Rd.
>Madison, WI 53713
>
>   and
>
>QVC
>1200 Wilson Dr.
>West Chester, PA 19380.

>/s/ Benjamin J. Weir
>BENJAMIN J. WEIR

3352637.1