# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JULIE K. MCCAMMON,       )
                                 )
          Petitioner,     )
                                 )
     v.                   )        CASE NO: 1:08-mc-00298 (CKK)
                                 )
UNITED STATES, et al.,     )
                                 )
          Respondents.   )

## SURREPLY MEMORANDUM IN OPPOSITION TO UNITED STATES' MOTION TO DISMISS

1. On June 9, 2008, Petitioner filed a memorandum in response to US motion to dismiss. Respondent United States replied on June 13 by repeating its previous assertions with regard to this Court's lack of subject matter jurisdiction. For reasons stated previously and herein, Petitioner continues to believe that this Court has jurisdiction to hear this case and that Respondent's motion to dismiss should be denied.

### I.    Defining the proper analysis of 26 USC 7609

2. There are two distinct interpretations of 26 USC 7609(h)(1) – which states: "the United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine

any proceeding brought under subsection (b)(2), (f), or (g)." Petitioner reads this sentence in two parts, whereas Respondent reads it as one.

3.   Petitioner believes section 7609 to mean as follows: (a) that U.S. district courts do have jurisdiction to hear and determine proceedings related to IRS summons – and considers that jurisdiction to be subject-matter jurisdiction; and (b) the issue of where a person "resides or is found" is a matter of personal jurisdiction.   When Petitioner claims that U.S. district courts do have subject-matter jurisdiction to adjudicate an IRS summons case [based on 26 USC 7609(h), 7604(a) and 7402(b)], Petitioner is referring to the first analysis (a) presented in this paragraph. Based on this understanding, Petitioner considers that district courts do have subject matter jurisdiction – and, therefore, have to subsequently decide on the personal jurisdiction issue prior to deciding whether or not to hear a case.

4.   On the other hand, the DOJ claims that the whole sentence in 26 USC 7609 refers solely to subject-matter jurisdiction. The DOJ considers Petitioner's claims regarding personal jurisdiction to be irrelevant.

5.   This Court would certainly decide the proper reading of section 7609. If this Court agrees with Petitioner and adopts the two-part analysis, then this Court must consider that Respondents had waived the defense of personal jurisdiction by failing to contest it as required by FRCP Rule 12(h)(1). As a

result, this Court would have to deny Respondent's Motion to Dismiss. However, if this Court adopts the DOJ's one-part analysis, then the issue becomes centered on the definitions of "resides" and "found".

## II.    Defining the meaning of "resides or is found"

6.    Why is 26 USC 7609(h)(1) written in such a manner? Congress could have only said "resides" and defined it to mean solely as physical presence. By stating "resides or is found", it appears that "found" is intended to have a different meaning than "resides." Otherwise, the repetition would be unnecessary.

7.    Since Congress did not define the meanings in Chapter 26 of the Code, that definition now rests in the hands of the courts – and this Court must pursue an interpretation of "resides or is found" that is most favorable to Petitioner.

8.    To legally define the terms, "reside" means "live, dwell, abide, sojourn, stay, remain, lodge." *Western-Knapp Engineering Co. v. Gilbak, C.C.A.Cal.*, 129 F.2d 135, 136. "Found" does not necessarily mean physical presence. *Freeman v. Bee Mach. Co., Mass.*, 319 U.S. 448, 63 S.Ct. 1146, 1149, 87 L.Ed. 1509.

9.    Respondent United States of America "resides or is found" in the District of Columbia. Other Respondents in this case could be "found" in the District without actually "residing" in said District.

10. With regard to Chase Bank, It was Petitioner's Counsel's belief that "JP Morgan Chase" is the parent company for all "Chase" banks – making all the subsidiaries one legal entity. It turned out that JP Morgan Chase is the parent company for "Chase Bank NA" but not "Chevy Chase Bank." Counsel stands corrected on this mistake.

11. However, Chase Bank has affiliations and services various entities – including within the District of Columbia. For example, if one applies for a credit card with Amtrak (located at Union Station in D.C.), the servicer for that credit card is Chase Bank. By providing services in D.C., the bank is certainly "found" here. If not, how could an entity provide services in a jurisdiction and not be "found" in that same jurisdiction?

12. The same analysis applies to WesBanco, Huntington Banks, Shopbop.com (or Amazon.com), and QVC. In some form or another, all Respondents (their parent companies or subsidiaries) have either affiliations with local businesses or provide services to residents of the District of Columbia. Some Respondents may even have lobby groups or legal or financial representation in the District. The extent and magnitude of those affiliations, services, or contacts cannot be presented herein because such information is usually not in the public domain. It can be provided voluntarily from Respondents or be accessed through a Court-allowed discovery with Respondents – to further

ascertain the extent of their business connections with the District of Columbia and to offer more proof that these Respondents are "found" in this district and that this Court does have jurisdiction.

13.  Another element of proof lies in court records. Chase Bank, Huntington Banks, WesBanco, QVC Network, and Amazon.com (or any of their affiliates) have at least once been named as a party to a case within a court in Washington, DC (Exhibits A, B, C, D, and E). In particular, Civil Case 07-623 involved Amazon.com (parent company of Respondent Shopbop.com) and was presided over by Judge Colleen Kollar-Kotelly to whom this present case has been assigned.

14.  There are hundreds of cases in the U.S. District Court for the District of Columbia where some of the parties do not "reside" in the District. Although some of these cases might have different jurisdictional requirements than what we are facing in this case, the fact remains that Respondents do conduct business in the District of Columbia and have been subject to the jurisdiction of its courts (although under different circumstances).

15.  In addition, since Petitioner engaged in Internet commerce with some record keepers, the exercise of jurisdiction based on Web activity would be reasonable – since respondents engage in that same activity with consumers within the District of Columbia.

16. The IRS Summonses seek copies of records related to Petitioner's financial, shopping, or business activities with Respondents. These activities are of the same nature that Respondents conduct with various persons or entities within this District – and therefore are relevant in assessing jurisdiction.

### III.    Further interpretations of 26 USC 7609(h)(1)

17. Once again, 26 USC 7609(h)(1) states: "the United States district court for the district within which the person to be summoned resides or is found <u>shall</u> have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)."

18. Generally, the word "shall" is mandatory. However, it may be construed as merely permissive (as equivalent to "may") to carry out the legislative intention and in cases where no right or benefit to any one depends on its being taken in the imperative sense, and where no public or private right is impaired by its interpretation in the other sense. *Spaulding & Kimball v. Aetna Chemical Co.*, 98 Vt. 169, 126 A. 588, 589; *Wisdom v. Board of Sup'rs of Polk County*, 236 Iowa 669, 19 N.W.2d 602, 607, 608. As against the government, it is to be construed as "may", unless a contrary intention is manifest. *Cairo & Fulton R. Co. v. Hecht*, 95 U.S. 170, 24 L.Ed. 423.

19. There are certainly cases where a petition to quash IRS summonses was filed

and adjudicated upon in a district other than where a person "resides."

20. If a statute is not clear about what it says, and its words mean something other than what they say, then we must look at a "higher law" to decide the issue of jurisdiction. According to the U.S. Supreme Court, in case of doubt about the interpretation of statutes levying taxes, then they should be construed "most strongly against the government, and in favor of the citizen." *Gould v. Gould*, 245 US 151 (1917). Applying such a standard to this case would certainly be in favor of Petitioner's position, and this Court must deny the government's motion to dismiss.

### IV.    Constitutional Considerations with regard to Jurisdiction

21. If this Court still favors the DOJ position, Petitioner believes that jurisdictional issues based on U.S. Supreme Court opinions and the Constitution are in her favor. Chapter 26 of the US Code was not enacted into positive law. It is "only *prima facie* evidence of the law" – and therefore can be rebutted.

22. The jurisdictional standards narrated in *International Shoe* supersede the "resides or is found" criteria of 26 USC 7609(h)(1).  Respondents do meet the "minimum contacts" principles, do have a purposeful affiliation with the forum, and Petitioner's case relates to the production of financial, personal, or business documents – being of the same nature of transactions or activities

that Respondents have with persons within the District.

23. As stated earlier, in some form or another, all Respondents (their parent companies or subsidiaries) have either affiliations with local businesses or provide services to residents of the District of Columbia. The extent and magnitude of those affiliations and services cannot be presented herein because such information is usually not in the public domain. It can be provided voluntarily from Respondents or be accessed through a Court-allowed discovery with Respondents – to further ascertain the extent of their contacts with the District of Columbia and that this Court does have jurisdiction in this case.

24. In addition, "national banks are instrumentalities of the federal government, created for public purpose, and as such necessarily subject to the paramount authority of the United States." *Davis v. Elmira Savings*, 161 U.S. 275 (1896). As instruments of the federal government, this Court does have jurisdiction over Respondent banks – i.e., Chase Bank, Huntington Banks, and WesBanco.

25. Moreover, the Fifth Amendment protects Petitioner against being forced to provide evidence against herself, and of due process before a loss of property. This Court has jurisdiction to afford Petitioner the opportunity to be heard and to prevent violations of due process through IRS summonses which seek

evidence against Petitioner.

26. Also, the amount of controversy between Petitioner and Respondent the United States, its Treasury Department, or its agency the Internal Revenue Service exceeds $75,000. That being the case, the district courts do have original jurisdiction under 28 USC 1332(a)(1).

27.  Furthermore, rather than filing various petitions in different district courts across the country, which would unduly burden the judicial system, it would be more in line with the values of judicial economy to consolidate all the filings into one – here in the District of Columbia. Doing so would be more in favor of the overall efficiency in the operation of the judicial system. After all, Respondent banks and corporate entities have made no objections to this Court's jurisdiction. They are worth billons of dollars and would not be burdened by this case regardless of forum. It would not be a matter of fairness and comity to place the burden to submit filings across the country on Petitioner who has far less resources than Respondents.

## CONCLUSION

28. In making a determination on whether to dismiss a case, the court must take all the allegations in the light most favorable to the plaintiff.

29. Even if the Court still considers jurisdiction to be improper, improper jurisdiction does not require this Court to deny the petition to quash IRS

summons.   A district court may transfer a case "if it be in the interest of justice." *Hondros v. United States Civil Service Com'n*, 720 F.2d 278, 299 (3d Cir.1983). In Hondros, the court stated that it is impossible to "conclude … that Congress intended to handcuff the federal courts by prohibiting them from transferring a case improperly filed in the district courts to the Claims Court when the interests of justice so require." Id. at 299 n. 41. *Krapf v. U.S.*, 604 F. Supp. 1164 (D.C.Del., 1985).

30.  Petitioner is entitled to all the protections and immunities under the law. If Petitioner does not have an attorney to represent her in her district, and if she does not wish to represent herself before a court, then it would be in the interest of justice to hear her case in any jurisdiction where she can be represented and heard.

31.  The Constitution does not require that trial be held in the State which has the "best contacts" with the defendant. See *Shaffer v. Heitner*, 433 U.S. 186 at 228, 97 S.Ct. 2569 at 2592 (1977) (BRENNAN, J., dissenting).

32.  "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394; *Louisville & N. R. Co. v. Schmidt*, 177 U.S. 230, 236, 44 S. L. ed. 747, 750, 20 Sup. Ct. Rep. 620; *Simon v. Craft*, 182 U.S. 427, 436, 45 S. L. ed. 1165, 1170, 21 Sup. Ct. Rep. 836.  "It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552. (1965). "The right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal

conviction, is a principle basic to our society." *Matthews v. Eldridge*, 424 U.S. 319 (1976).

33. For reasons listed herein, the U.S. District Court for the District of Columbia has a jurisdiction to adjudicate this case and grant Plaintiff any relief the Court deems appropriate. Respondent United States' Motion to Dismiss should be denied.

Respectfully submitted,

_____/s/Elias Aoun_____        Date: June 18, 2008

Elias Aoun, Esq. Bar Number 479315
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
e-mail: Lawyer2008@yahoo.com
Cell Phone 202-257-7796

**CERTIFICATE OF SERVICE**

I, Elias Aoun, certify that on or about June 18, 2008, true and correct copies of the

foregoing were sent via U.S. Mail to the following:

BENJAMIN J. WEIR, ESQUIRE
Trial Attorney, Tax Division
U.S. Dept. of Justice
P. O. Box 227
Ben Franklin Station
Washington, DC 20044

Chase Bank NA
One Chase Manhattan Plaza
26th Floor
New York, NY 10005-1489

Huntington Banks
230 W. Pike St.
Clarksburg, WV 26301

WesBanco
1130 Johnson Ave.
Bridgeport, WV 26330

Shopbop.com
101 E. Badger Rd.
Madison, WI 53713

and

QVC
1200 Wilson Dr.
West Chester, PA 19380.

/s/ Elias Aoun
ELIAS AOUN

# U.S. Party/Case Index

## All Types Name Search Results

**41 Total Party matches for selection CHASE BANK for WASHINGTON D.C.**

**Search Complete**

**Mon Jun 16 16:47:08 2008**

**Selections 1 through 41 (Page 1)**

**Exhibit A**

●Download (1 pages $ 0.00)

Bankruptcy Cases

| Name | Court | Case No. | Filed | Chapter |
|---|---|---|---|---|
| 1  CHASE BANK<br>GREGORY W. LUCE | dcbke | 99-00687 | 04/01/1999 | 13 |
| 2  CHASE BANK OF MARYLAND<br>RICHARD JOHN GEIER | dcbke | 92-00166 | 02/12/1992 | 7 |
| 3  CHASE BANK OF MARYLAND<br>ANTHONY A. COOK | dcbke | 92-00332 | 03/20/1992 | 13 |
| 4  CHASE BANK OF MARYLAND<br>CAROLINE HAMBRIGHT ORNER | dcbke | 92-00502 | 05/01/1992 | 7 |
| 5  CHASE BANK OF MARYLAND<br>ERNEST E. BAYLOR | dcbke | 93-00705 | 07/21/1993 | 13 |
| 6  CHASE BANK OF MARYLAND<br>MARY EMMA CAIN | dcbke | 91-00972 | 09/11/1991 | 13 |
| 7  CHASE BANK OF MARYLAND<br>BRITTIAN P. DAY | dcbke | 93-01145 | 11/16/1993 | 11 |
| 8  CHASE BANK OF MARYLAND<br>VICKI E. ROSENBERG | dcbke | 91-01306 | 12/11/1991 | 7 |
| 9  CHASE BANK OF TEXAS FKA TEXAS COMMERCE BANK<br>SANDRA J. MILLS | dcbke | 01-01829 | 09/05/2001 | 13 |
| 10 CHASE BANK OF TEXAS, N.A.<br>YVONNE DALEY | dcbke | 02-00346 | 02/19/2002 | 13 |
| 11 CHASE BANK OF TEXAS, N.A.<br>RALPH E. CHAMBLISS | dcbke | 96-00442 | 04/03/1996 | 7 |
| 12 CHASE BANK OF TEXAS, N.A.<br>RALPH E. CHAMBLISS | dcbke | 99-00689 | 04/01/1999 | 13 |
| 13 CHASE BANK OF TEXAS, N.A.<br>ISSIAH RIOUS | dcbke | 98-01013 | 05/11/1998 | 13 |
| 14 CHASE BANK OF TEXAS, N.A.<br>TOMMY FERGUSON | dcbke | 99-01130 | 05/25/1999 | 13 |
| 15 CHASE BANK OF TEXAS, N.A.<br>YVONNE D. DAILEY | dcbke | 98-01399 | 06/24/1998 | 7 |

| | | | |
|---|---|---|---|
| 16 CHASE BANK OF TEXAS, N.A. | dcbke 98-01403 | 06/24/1998 | 7 |
| JOYCELYN HAREWOOD | | | |
| 17 CHASE BANK OF TEXAS, N.A. | dcbke 00-01639 | 09/05/2000 | 13 |
| EARL A. MATTHEWS | | | |
| 18 CHASE BANK OF TEXAS, N.A. | dcbke 00-01700 | 09/14/2000 | 13 |
| MEDRIC C. MILLS | | | |
| 19 CHASE BANK OF TEXAS, N.A. | dcbke 99-01958 | 09/24/1999 | 13 |
| CHARIS FERGUSON | | | |
| 20 CHASE BANK OF TEXAS, N.A. | dcbke 99-02121 | 10/14/1999 | 13 |
| WINSTON WHITE | | | |
| 21 CHASE BANK OF TEXAS, N.A. | dcbke 99-02155 | 10/21/1999 | 13 |
| MARVIN A. LEWIS | | | |
| 22 CHASE BANK OF TEXAS, N.A. | dcbke 99-02365 | 11/17/1999 | 7 |
| DONALD L. POLING | | | |
| 23 CHASE BANK OF TEXAS, N.A. | dcbke 98-02463 | 11/04/1998 | 7 |
| ABRAM PRIMUS | | | |
| 24 CHASE BANK OF TEXAS, N.A. | dcbke 99-02540 | 12/08/1999 | 13 |
| WANDRA D. MCMANUS | | | |
| 25 CHASE BANK OF TEXAS, N.A. | dcbke 98-02553 | 11/18/1998 | 13 |
| SANDRA J. MILLS | | | |
| 26 CHASE BANK OF TEXAS, NA | dcbke 01-01516 | 02/03/2006 | 7 |
| SHIU S. SPALDING | | | |
| 27 CHASE BANK REAL ESTATE INVESTMENT FUND | dcbke 96-10120 | 10/22/1996 | AP |
| 20 K ASSOCIATES AND CHASE MANHATTAN BANK | | | |
| 28 CHASE BANK USA, N.A. | dcbke 06-00125 | 05/04/2006 | 13 |
| BERNARE GORDON HENDERSON | | | |
| 29 CHASE BANK USA, N.A. | dcbke 04-01580 | 10/22/2004 | 13 |
| WALTER L. WENTZ | | | |
| 30 CHASE BANK USA, N.A. | dcbke 08-10005 | 02/27/2008 | AP |
| CHASE BANK USA, N.A. AND WHYLIE | | | |
| 31 CHASE BANK USA, NA | dcbke 07-00080 | 02/08/2007 | 7 |
| ISHMAEL C CHILDS | | | |
| 32 CHASE BANK USA, NA | dcbke 07-00219 | 04/25/2007 | 7 |
| FASHON FORD | | | |
| 33 CHASE BANK USA, NA | dcbke 07-00473 | 09/12/2007 | 7 |
| PAT FRANCIS LARAMEE | | | |
| 34 CHASE BANK USA, NA | dcbke 07-10031 | 11/14/2007 | AP |
| WHITE AND CHASE BANK USA, NA | | | |
| 35 CHASE BANK, USA, N.A. | dcbke 05-00325 | 03/07/2005 | 7 |
| DAVID L. PENDLETON | | | |
| 36 CHASE BANK, USA, N.A. | dcbke 05-01367 | 09/12/2005 | 7 |
| KEVIN BRYANT | | | |
| 37 CHASE BANK, USA, N.A. | dcbke 05-01404 | 09/19/2005 | 7 |
| ELSIE B JOHNSON | | | |

Case 1:08-mc-00298-CKK     Document 9-2     Filed 06/18/2008     Page 3 of 3

Civil Cases

| Name | Court | Case No. | Filed | NOS | Closed |
|------|-------|----------|-------|-----|--------|
| 38 CHASE BANK | dcdce | 1:2003cv02164 | 10/23/2003 | 440 | 10/23/2003 |
| BARBER v. CIRCUIT COURT HOWARD, et al | | | | | |
| 39 CHASE BANK NA | dcdce | 1:2008mc00298 | 05/12/2008 | 890 | |
| MCCAMMON v. UNITED STATES OF AMERICA et al | | | | | |
| 40 CHASE BANK OF TEXAS | dcdce | 1:2001cv01047 | 05/11/2001 | 371 | 07/08/2002 |
| POINDEXTER v. PRIMESOURCE FIN, et al | | | | | |
| 41 CHASE BANK, USA NA | dcdce | 1:2008mc00340 | 05/29/2008 | 890 | |
| MCCAMMON v. UNITED STATES OF AMERICA et al | | | | | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/16/2008 16:47:08 | | | |
| PACER Login: | ea0934 | Client Code: | julie |
| Description: | All Types srch pg 1 | Search Criteria: | CHASE BANK |
| Billable Pages: | 1 | Cost: | 0.08 |

### U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

 Help

# U.S. Party/Case Index

## All Types Name Search Results

**3 Total Party matches for selection HUNTINGTON BANKS for WASHINGTON D.C.**

**Search Complete**

**Mon Jun 16 16:50:46 2008**

**Selections 1 through 3 (Page 1)**

**Exhibit B**

● Download (1 pages $ 0.00)

Civil Cases

| Name | Court | Case No. | Filed | NOS | Closed |
|------|-------|----------|-------|-----|--------|
| 1 HUNTINGTON BANKS | dcdce | 1:2008mc00298 | 05/12/2008 | 890 | |

MCCAMMON v. UNITED STATES OF AMERICA et al

| | | | | | |
|---|---|---|---|---|---|
| 2 HUNTINGTON BANKS OF MICHIGAN, INC. | dcdce | 1:1995cv01479 | 08/07/1995 | 440 | 01/15/1997 |

KERSH v. COOK, et al

Appellate Cases

| | | | | | |
|---|---|---|---|---|---|
| 3 HUNTINGTON BANKS OF MICHIGAN, INC. | dccae | 97-5043 | 02/20/1997 | 2440 | 08/21/1997 |

KERSH, DAVID v. COOK, JULIAN ABLE, et al

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/16/2008 16:50:46 | | | |
| **PACER Login:** | ea0934 | **Client Code:** | julie |
| **Description:** | All Types srch pg 1 | **Search Criteria:** | HUNTINGTON BANKS |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

### U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal

**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports

**User Options:** Change Client Code | New Login | Billing History | PSC Home Page | E-Mail PSC | Logout

?**?**? Help

# U.S. Party/Case Index

## All Types Name Search Results

**2 Total Party matches for selection WESBANCO for WASHINGTON D.C.**

**Search Complete**

**Mon Jun 16 16:51:36 2008**

**Selections 1 through 2 (Page 1)**

**Exhibit C**

● Download (1 pages $ 0.001)

### Bankruptcy Cases

| Name | Court | Case No. | Filed | Chapter |
|---|---|---|---|---|
| 1 WESBANCO, INC. debke | | 06-10043 | 07/24/2006 | AP |
| WHITE AND WESBANCO, INC. | | | | |

### Civil Cases

| Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|
| 2 WESBANCO | dcdce | 1:2008mc00298 | 05/12/2008 | 890 | |
| MCCAMMON v. UNITED STATES OF AMERICA et al | | | | | |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/16/2008 16:51:36 | | |
| **PACER Login:** ea0934 | **Client Code:** julie | |
| **Description:** All Types srch pg 1 | **Search Criteria:** WESBANCO | |
| **Billable Pages:** 1 | **Cost:** 0.08 | |

### U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

?**?**? Help

# U.S. Party/Case Index

## All Types Name Search Results

**7 Total Party matches for selection AMAZON for WASHINGTON D.C.**

**Search Complete**

**Mon Jun 16 16:53:03 2008**

**Selections 1 through 7 (Page 1)**

**Exhibit D**

● Download (1 pages $.2.00)

### Bankruptcy Cases

| Name | Court | Case No. | Filed | Chapter |
|------|-------|----------|-------|---------|
| 1 AMAZON, ANDREA | debke | 02-02081 | 10/24/2002 | 7 |
| MARTIN H. STEIN | | | | |
| 2 AMAZON, DORIC | debke | 02-02081 | 10/24/2002 | 7 |
| MARTIN H. STEIN | | | | |

### Civil Cases

| Name | Court | Case No. | Filed | NOS | Closed |
|------|-------|----------|-------|-----|--------|
| 3 AMAZON ALLIANCE | dcdce | 1:2001cv01908 | 09/11/2001 | 440 | |
| ARIAS et al v. DYNCORP et al | | | | | |
| 4 AMAZON.COM | dcdce | 1:2000cv01245 | 05/23/2000 | 440 | 08/29/2002 |
| FRANK v. APPLE COMPUTERS, INC, et al | | | | | |
| 5 AMAZON.COM INC | dcdce | 1:2007cv00623 | 03/30/2007 | 890 | |
| HUMANE SOCIETY OF THE UNITED STATES v. AMAZON.COM INC et al | | | | | |
| 6 AMAZON.COM, INC. | dcdce | 1:2004mc00195 | 04/20/2004 | | |
| IPXL HOLDINGS, L.L.C. v. AMAZON.COM, INC. | | | | | |
| 7 AMAZON.COM, INC. | dcdce | 1:2004mc00196 | 04/20/2004 | | |
| IPXL HOLDINGS, L.L.C. et al v. AMAZON.COM, INC. | | | | | |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/16/2008 16:53:03 | | |
| **PACER Login:** | ea0934 | **Client Code:** | julie |
| **Description:** | All Types srch pg 1 | **Search Criteria:** | AMAZON |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**U.S. Party/Case Index - Home**

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal

**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports

**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

?? Help

# U.S. Party/Case Index

## All Types Name Search Results

**5 Total Party matches for selection QVC for WASHINGTON D.C.**
**Search Complete**
**Mon Jun 16 16:52:09 2008**
**Selections 1 through 5 (Page 1)**

**Exhibit E**

● Download (1 pages $ 0.00)

Civil Cases

| Name | Court | Case No. | Filed | NOS Closed |
|---|---|---|---|---|
| 1 QVC | dcdce | 1:2008mc00298 | 05/12/2008 | 890 | |
| MCCAMMON v. UNITED STATES OF AMERICA et al | | | | |
| 2 QVC NETWORK, INC., | dcdce | 1:1992cv02247 | 10/05/1992 | 890 | 12/13/1995 |
| TURNER BROADCASTING, et al v. FCC, et al | | | | |

Appellate Cases

| | | | | |
|---|---|---|---|---|
| 3 QVC NETWORK, INC. | dccae | 93-5154 | 05/21/1993 | 2890 07/22/1994 |
| TURNER BCAST SYS INC, et al v. FCC, et al | | | | |
| 4 QVC NETWORK, INC. | dccae | 93-5155 | 05/21/1993 | 2890 07/22/1994 |
| NATL INTERFAITH CBL, et al v. FCC, et al | | | | |
| 5 QVC NETWORK, INC. | dccae | 93-5175 | 05/21/1993 | 2890 07/22/1994 |
| ATLANTA INTERFAITH, et al v. FCC, et al | | | | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/16/2008 16:52:09 | | | |
| **PACER Login:** | ea0934 | **Client Code:** | julie |
| **Description:** | All Types srch pg 1 | **Search Criteria:** | QVC |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**U.S. Party/Case Index - Home**
**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page | E-Mail PSC | Logout

?**?**? Help



**GPO Access**

Resources by Topic [Go]    Site Search: advanced [Go]

LEGISLATIVE / EXECUTIVE / JUDICIAL    HELP / ABOUT

A-Z RESOURCE LIST  FIND A FEDERAL DEPOSITORY LIBRARY  BUY PUBLICATIONS

**DATABASE FEATURES**
- U.S. Code Main Page
- Search
- Browse
- Search Tips
- About the U.S. Code

**RELATED RESOURCES**
- Congressional Bills
- Congressional Record
- History of Bills
- Public and Private Laws
- Statutes at Large

**ABOUT GOVERNMENT**



Ben's Guide to U.S. Government



Home Page > Legislative Branch > United States Code > About    **Exhibit F**

## United States Code: About

The United States Code is the codification by subject matter of the general and permanent laws of the United States based on what is printed in the Statutes at Large. It is divided by broad subjects into 50 titles and published by the Office of the Law Revision Counsel of the U.S. House of Representatives.



Since 1926, the United States Code has been published every six years. In between editions, annual cumulative supplements are published in order to present the most current information. Documents are available only as ASCII text files.

*GPO Access* contains the 2000 and 1994 editions of the U.S. Code, plus annual supplements.

When a section is affected by a law passed after a supplement's revision date, the header for that section includes a note that identifies the public law affecting it. In order to find the updated information, you must search the public laws databases for the referenced public law number.

The information contained in the U.S. Code on *GPO Access* has been provided to GPO by the Office of the Law Revision Counsel of the U.S. House of Representatives. While every effort has been made to ensure that the U.S. Code database on GPO Access is accurate, those using it for legal research should verify their results against the printed version of the United States Code available through the Government Printing Office.

GPO recognizes that other U.S. Code products exist that are not available from the U.S. Government Printing Office. Among these are the U.S.C.A. (U.S. Code Annotated) and the U.S.C.S. (U.S. Code Service). The U.S.C.A. and U.S.C.S. contain everything that is printed in the U.S. Code but also include annotations to case law relevant to the particular statute. While these publications may be more current, they are not the official version of the U.S. Code that is published by the Office of the Law Revision Council.

> **NOTE:** Of the 50 titles, only 23 have been enacted into positive (statutory) law. These titles are 1, 3, 4, 5, 9, 10, 11, 13, 14, 17, 18, 23, 28, 31, 32, 35, 36, 37, 38, 39, 44, 46, and 49. When a title of the Code was enacted into positive law, the text of the title became legal evidence of the law. Titles that have not been enacted into positive law are only *prima facie* evidence of the law. In that case, the Statutes at Large still govern

The U.S. Code does not include regulations issued by executive branch agencies, decisions of the Federal courts, treaties, or laws enacted by State or local governments. Regulations issued by executive branch agencies are available in the Code of Federal Regulations. Proposed and recently adopted regulations may be found in the Federal Register.

A service of the U.S. Government Printing Office.

Last updated: March 20, 2006
Page Name: http://www.gpoaccess.gov/uscode/about.html