IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIE K. MCCAMMON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:08-mc-00298 |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**UNITED STATES' RESPONSE TO PETITIONER'S SURREPLY**

On June 18, 2006, Julie K. McCammon filed a surreply memorandum in opposition to the Unites States' motion to dismiss.   McCammon's surreply asserts that the United States' motion to dismiss should be denied because :  (1) 26 U.S.C. § 7609 must be read in two parts, the first establishing subject-matter jurisdiction upon all district courts and the second applying constitutional personal jurisdiction standards to a court's analysis; (2) that the third-party recordkeepers "resides or is found" in this judicial district because they services credit cards on behalf of a corporation operating within this judicial district, potentially lobby within the judicial district, potentially conduct business within this judicial district, because they engage in internet commerce with consumers within the District of Columbia, and because they have been named as defendants in other actions within this judicial district; (3) the "minimum contacts" standards of <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) are fulfilled; and (4) the summons violates her Fifth Amendment rights.

1

On July 1, 2008, this Court issued a minute order requiring that the United States respond to Petitioner's surreply on or before July 16, 2008. As discussed herein, each of McCammon's arguments is legally incorrect and the United States' motion to dismiss should be granted.

## I.    Petitioner's claim that 26 U.S.C. § 7609(h) can be read in "two parts" is wholly unsupported

26 U.S.C. § 7609(h)(1) states that "The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g)." McCammon asserts that she reads 26 U.S.C. § 7609(h)(1) "in two parts." (Pet.'s Surreply ¶ 2.) She claims that section 7609 contains dual meanings whereby (1) all district courts have been granted subject matter jurisdiction regarding administrative summonses; and (2) that the "resides or is found" provision of the statute "is a matter of personal jurisdiction." (Id. ¶ 3.) McCammon's opposition is, however, devoid of citation to any supporting jurisprudence for this assertion. (See Pet.'s Surreply ¶¶ 2-5.)

"'A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text' and 'will be strictly construed, in terms of its scope, in favor of the sovereign.'" Gomez-Perez v. Potter, 128 S. Ct. 1931, 1942 -43 (2008). Put simply, personal jurisdiction 1/ has no import into an analysis pursuant to 26 U.S.C.

---

1/The United States does not address Petitioner's claim that the "minimum contacts" requirements of International Shoe are fulfilled because those requirements deal with personal jurisdiction, which is unrelated to the United States' motion to dismiss.

3423894.1

§ 7609.  See Cook v. U.S., No. 01-951, 2002 WL 221084, at *2 (D. Or. Jan. 8, 2002) ("The

personal jurisdiction cases cited and discussed by Petitioner are inapposite to the Court's

analysis of subject matter jurisdiction pursuant to 26 U.S.C. § 7609(h)(1)."); see also

Cayman Nat. Bank, Ltd. v. United States, No. 06-50-T-24, 2007 WL 641176, at *2 (M.D.

Fla. Feb. 26, 2007) ("various courts have found that the [] 'resides' or 'found' provisions

in § 7609(h) go to a court's subject matter jurisdiction") (collecting cases omitted).

McCammon's claim that the language of section 7609(h) creates bifurcated

jurisdictional requirements is wholly unfounded and incorrect as a matter of law.

## II.    The third-party record keepers do not "reside[] or is found" in this judicial district

Petitions to quash administrative summonses must be filed in the judicial district

in which the summons recipient is located.  (See U.S. Mem. of Law 2.)  Moreover, the

recipient of the summons is "located" in the district in which the summons is to be

answered.  McCammon claims that section 7609 does not require a physical presence

within the judicial district.  (Pet.'s Surreply ¶¶ 6, 8.)  This claim is without merit.

### a.    Congress intended that petitions to quash internal revenue summonses be filed in the districts where the summons were to be answered.

In revising federal summons practice in 1982, Congress intended to limit

jurisdiction so as to require that taxpayers file petitions to quash in the judicial districts

in which the summonses were to be answered.  The Fifth Circuit has clearly explained

this point—

3

> There is sound rationale for this limitation of jurisdiction. The taxpayer's motion to quash is directed towards an existing summons issued by the IRS to the third-party recordkeeper. Given Congress's twin goals of shifting to the taxpayer the burden of instituting an action to quash an IRS summons issued to a third-party recordkeeper and of removing the delays in tax investigations, *it is only logical that jurisdiction be vested in the district where the summons is to be answered.* Allowing jurisdiction to be determined by the location of the taxpayer, as Masat argues, would force the mountain to come to Mohammed, and would undercut both objectives of Section 7609.

Masat v. United States, 745 F.2d 985, 987-88 (5th Cir. 1984) (emphasis added). Put another way, Congress did not intend to permit a summons directed to a third-person recordkeeper at that recordkeeper's residence to be challenged wherever else in the world the recordkeeper may be found. Id. at 987, accord, Hopkins v. Internal Revenue Service, No. 07-cv-262, 2008 WL 2079151, * 3 (D.N.M. 2008). This is, of course, the exact course of action that the petitioner is currently pursuing.

**b.    Internet commerce is insufficient to create jurisdiction pursuant to 26 U.S.C. § 7609.**

McCammon claims that "Internet commerce" supports jurisdiction2/ in this case. (Pet.'s Surreply ¶ 15.) This claim is incorrect. Internet commerce does not provide a court with subject matter jurisdiction pursuant to section 7609. Oldham v. United States, No. 01-1410, 2002 WL 850205 at *2 (D. Ore. Mar. 21, 2002) (holding that

---

2/It appears that Petitioner's assertion is premised upon a belief that "Internet commerce" creates personal jurisdiction, rather than subject matter jurisdiction. As noted in Section I, *supra*, personal jurisdiction is inapplicable to the Court's subject matter jurisdiction analysis.

3423894.1

"Computer access does not satisfy the jurisdiction requirement under 26 U.S.C. § 7609");

Scharringhausen v. United States, No. 02-2343, 2003 WL 21517773 at *1 (S.D. Cal. Jan. 15,

2003) (holding that the summons recipient's internet commerce within the judicial

district was insufficient to create jurisdiction pursuant to section 7609 because it did not

have an office located within the judicial district.).

      c.     **Bare allegations of "affiliations" and "services" with entities residing within this judicial district are insufficient**

McCammon additionally alleges that jurisdiction is conferred because: (1) Chase

Bank services credit cards issued by an entity located within this judicial district; (2) the

third-party recordkeepers have "affiliations with local businesses or provides services

to residents" of this judicial district; (3) the third-party recordkeepers may conduct

lobbying or have legal representation located within this judicial district; and (4) the

third-party record keepers have been named as defendants in other cases in this judicial

district.  (Pet.'s Opp. ¶¶11-14.)  These claims also fail.

McCammon once again confuses personal jurisdiction with subject matter

jurisdiction.  (See Section I, *supra*.)  Second, the third party record keepers do not have

offices located within this judicial district, and the summoned records are not located

within this judicial district.  See Gerber v. United States, No. 06-cv-32, 2007 WL 2003089

at *1 (D.D.C. May 29, 2007) (dismissing a petition to quash because the third-party

record keeper and summoned records were located outside the judicial district and

3423894.1

because the third party record keeper did not have an office within the judicial district.);

(see also U.S. Mem. of Law 1-2.)

### III.    The summonses do not violate McCammon's fifth amendment rights

McCammon's claim that the summonses must be quashed because she would be "forced to provide evidence against herself. . ." is specious.  (Pet.'s Surreply. ¶ 25.)  The Internal Revenue Service seeks documents from shopbop.com, QVC, WesBanco, Huntington Banks and Chase Bank NA, not petitioner.   The Fifth Amendment, therefore, does not apply to the summons.  Couch v. United States, 409 U.S. 322, 329 (1973) (the Fifth Amendment is inapplicable to an Internal Revenue Service summons issued to a third party recordkeeper because it "is a necessary part of the process of law enforcement and tax investigation."); see also Nicholls v. United States, No. 83-145, 1983 WL 1660 at *1 (D.D.C.  Sept. 2, 1983) (holding that "The force of compulsion must be on the individual asserting the right, and the individual cannot object to enforcement of a[n Internal Revenue Service] summons against a third party who possesses the material sought.")

### IV.    Transfer of venue is inappropriate

McCammon asserts that if this Court finds that it lacks jurisdiction, the Court should transfer the case "in the interest of justice."  (Pet.'s Surreply ¶29.)  However, when a court lacks subject matter jurisdiction, it may not transfer the case to another venue because dismissal is appropriate.  See ,e.g., Yarto Intern. Group, L.P. v. Washington Export, L.L.C., No. 07-cv-54, 2007 WL 2192153 at *2 (N.D. Tex. July 31, 2007)

3423894.1

("were the court to lack subject matter jurisdiction over this case, dismissal would be appropriate, and the court would be without power to order a transfer of venue. . ."); Ulman v. Boulevard Enterprises, Inc., 638 F. Supp. 813, 815 (D. Md.1986)(noting that a court may only transfer venue if it has subject matter jurisdiction)

This Court does not have subject matter jurisdiction regarding McCammon's petition to quash. (See Section I, *supra*; U.S. Mem. of Law. 2; U.S. Reply 2-5.)  As such, transfer of venue is inappropriate.3/

### Conclusion

This Court does not have subject matter jurisdiction to permit it to quash the Internal Revenue Service's administrative summons issued to Chase Bank NA, Huntington Banks, WesBanco, Shopbop.com, and QVC.  The United States' motion to dismiss should, therefore, be granted in full and McCammon's petition to quash denied.

---

3/ Additionally, the United States notes that it would be impossible to transfer this case to a forum that would have subject matter jurisdiction over all of the third-party recordkeepers.  The five third-party record keepers are located in four different judicial districts. (See U.S. Mem. of Law 1.)  Transfer of this case to any single judicial district would, therefore, not cure the subject-matter deficiencies present in this case or serves the interests of judicial economy.

3423894.1

Date: July 11, 2008.

Respectfully submitted,

_____/s/ Benjamin J. Weir_____
BENJAMIN J. WEIR (D.C. Bar No. 494045)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-0855
Fax: (202) 514-6866
benjamin.j.weir@usdoj.gov
*Counsel for United States*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

3423894.1

## <u>CERTIFICATE OF SERVICE</u>

I, Benjamin J. Weir, certify that on July 11, 2008, true and correct copies of the

foregoing response were sent via postage prepaid U.S. Mail to the following:

Chase Bank NA
One Chase Manhattan Plaza
26th Floor
New York, NY 10005-1489

Huntington Banks
230 W. Pike St.
Clarksburg, WV 26301

WesBanco
1130 Johnson Ave.
Bridgeport, WV 26330

Shopbop.com
101 E. Badger Rd.
Madison, WI 53713

QVC
1200 Wilson Dr.
West Chester, PA 19380

and via the Court's ECF filing protocol to:

ELIAS AOUN, ESQUIRE
1730 N. Lynn Street, No. A-22
Arlington, VA  22209
Eliaoun@yahoo.com.

/s/ Benjamin J. Weir
BENJAMIN J. WEIR

3423894.1