UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIE K. MCCAMMON,

   Petitioner,

     v.

UNITED STATES OF AMERICA, *et al.*,

   Respondents.

Misc. Action No. 08-298 (CKK)

**MEMORANDUM OPINION**
(August 4, 2008)

Petitioner Julie K. McCammon brought the above-captioned miscellaneous action as a Petition to Quash five Internal Revenue Service ("IRS") summons issued to third-party recordkeepers for information related to her financial activities. The United States, a Respondent to the Petition, has filed a motion to dismiss Petitioner's Petition to Quash, in which it argues that this Court lacks subject matter jurisdiction because petitions to quash summonses issued to third-party recordkeepers must be filed in the judicial districts in which the summoned parties are located, and none of the third-party recordkeepers are located in the District of Columbia. Petitioner opposes the United States' Motion to Dismiss. Upon a searching review of the parties' thorough briefing in connection with the United States' Motion to Dismiss, the relevant statutes and case law, and the entire record herein, the Court shall GRANT the United States' [6] Motion to Dismiss for lack of subject matter jurisdiction. The Court agrees with the United States that it lacks subject matter jurisdiction over the instant Petition, and that it must therefor dismiss the instant miscellaneous case in its entirety.

-1-

## I.  BACKGROUND

The instant case involves five third-party IRS summons issued to (1) shopbop.com, (2) QVC, (3) WesBanco, (4) Huntington Banks, and (5) Chase Bank NA (the "Subpoenas").  The Subpoenas seek records of purchases made under accounts held in Petitioner's name or in the name of an alias, as well as Petitioner's financial records.  *See* Attachments to Petition.  On May 12, 2008, Petitioner filed a Petition to Quash the Subpoenas.  *See generally* Petition to Quash.  On May 29, 2008, Petitioner commenced a second miscellaneous action by filing another petition to quash an additional summons issued to Chase Bank NA, *McCammon v. United States*, Misc. Action No. 08-340.  The Court considers the United States' pending motion to dismiss that petition in a separate memorandum opinion.

On June 4, 2008, the United States moved to dismiss the Petition to Quash for lack of subject matter jurisdiction, arguing that "petitions to quash must be filed in the judicial districts in which the summoned parties are located," and that the relevant third-party recordkeepers in this case reside outside of the District of Columbia.  Resp.'s MTD at 1-2.  Petitioner filed an Opposition to the United States' Motion to Dismiss, and the United States filed a Reply in support of its Motion to Dismiss.  Thereafter, without seeking leave of the Court to do so, Petitioner filed a Surreply in opposition to the United States' Motion to Dismiss.  On July 1, 2008, the Court issued a Minute Order noting that Petitioner had not sought leave of the Court to file her Surreply, but nevertheless requiring the United States to respond to the arguments raised in Petitioners' surreply.  The United States did so on July 11, 2008.  Accordingly, the United States' Motion to Dismiss is now ripe for review.

## II. DISCUSSION

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1). On a motion made pursuant to Rule 12(b)(1), the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). *See also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Environmental Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

The special procedures applicable to third-party IRS summons are set forth in 26 U.S.C. § 7609. Generally speaking, the IRS may "issue a summons to any third-party recordkeeper requiring the production of records and documents in its possession relating to a specific taxpayer's financial activities," with notice of the summons to be given to the taxpayer. *Masat v. United States*, 745 F.2d 985, 987 (5th Cir. 1984) (citing 26 U.S.C. § 7609(a)). "The taxpayer then has the right to intervene and begin a proceeding to quash the summons." *Id.* (citing 26 U.S.C. § 7609(b)). Subsection (h) of 26 U.S.C. § 7609, however, provides that the "United

States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any [proceedings to quash]. . . ." *Id.*

Based upon the plain language of 26 U.S.C. § 7609(h), the United States moves to dismiss the Petition to Quash, on the grounds that none of the subpoenaed third-party recordkeepers are located in this judicial district, such that this Court lacks subject matter jurisdiction over the Petition. Resp.'s MTD at 1. As evidenced by the Subpoenas themselves and by the caption Petitioner placed on her Petition, the United States is correct regarding the locations of the subpoenaed third-party recordkeepers: shopbop.com is located in Madison, Wisconsin; QVC is located in West Chester, Pennsylvania; WesBanco is located in Bridgeport, West Virginia; Huntington Banks is located in Clarksburg, West Virginia; and Chase Bank NA is located in New York, New York.[1] *See id.*; Pet., Caption and Attachments. In response to the United States' Motion, Petitioner argues: (1) that 26 U.S.C. § 7609(h) should be read disjunctively and that the term "resides or is found" should be taken to refer to the Court's personal jurisdiction; (2) that the United States has waived the issue of personal jurisdiction by failing to raise it in its Motion to Dismiss, and that this Court in fact has personal jurisdiction over the subpoenaed third-party recordkeepers; and (3) that even if the Court concludes that 26 U.S.C. § 7609(h) refers to subject matter jurisdiction, the third-party recordkeepers are "found"

---

[1] In her Opposition to the United States' Motion to Dismiss, Petitioner flatly asserts that "Chase Bank is believed to be the same legal entity as Chevy Chase Bank, which has many branches in the District." Pet.'s Opp'n at 5. Petitioner offers no factual support for this assertion and it appears to be inaccurate because, as the United States explains in its Reply, a review of the two banks' website reveal no affiliation, Chevy Chase Bank's annual report does not disclose any affiliation with Chase Bank NA, Chase Bank NA's website does not list any locations in the District of Columbia, and counsel for the United States confirmed via telephone that the two banks are unrelated. *See* Resp.'s Reply at 4 & n.3.

in the District of Columbia as a result of their internet activity or activities Petitioner supposes they conduct in the District. None of Petitioner's arguments are availing.

First, courts interpreting 26 U.S.C. § 7609(h) have repeatedly concluded that it limits federal district courts' *subject matter* jurisdiction to hear petitions to quash IRS summonses. *See, e.g.*, *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995); *Cayman Nat'l Bank, Ltd. v. United States*, No. 8:06-MC-50-T-24 MAP, 2007 WL 641176, *2 (M.D.Fla. Feb. 26, 2007); *Oldham v. United States*, No. 01-1410, 2002 WL 850205 (D.Or. Mar. 21, 2002) and 2002 WL 31274046, *3 (D.Or. Sept. 16, 2002). As Judge Ricardo M. Urbina of this Court concluded in *Gerber v. United States*, "this court only has jurisdiction *over summonses* issued to third parties within this district." Misc. A. No. 05-0516 (RMU), 2006 WL 3077460, *1 (D.D.C. Sept. 14, 2006) (citations omitted). Tellingly, Judge Urbina did not consider whether the court had personal jurisdiction over the subpoenaed entities, but rather whether it had subject matter jurisdiction over the petition to quash itself.

As the United States Court of Appeals for the Fifth Circuit explained in *Masat v. United States*, 26 U.S.C. § 7609(h) is "not intended to permit a summons directed to a third-person recordkeeper at that recordkeeper's residence to be challenged wherever else in the world the recordkeeper may be found." 745 F.2d at 987. Instead, Congress added the jurisdictional restriction in 26 U.S.C. § 7609(h) in order to achieve "twin goals of shifting to the taxpayer the burden of instituting an action to quash an IRS summons issued to a third-party recordkeeper and of removing the delays in tax investigations." *Id*. at 987-88. As such "it is only logical that jurisdiction be vested in the district where the summons is to be answered. Allowing jurisdiction to be determined by the location of the taxpayer . . . would force the mountain to come to

Mohammed, and would undercut both objectives of Section 7609." *Id.* at 988.

Despite this clear precedent, Petitioner argues that 26 U.S.C. § 7609(h) should be read disjunctively and seems to suggest that federal district courts have broad subject matter jurisdiction to hear cases in which individuals are summoned under the authority of the Internal Revenue Code. *See* Pet.'s Opp'n at 2. Petitioner offers absolutely no legal authority for the proposition that 26 U.S.C. § 7609(h) is disjunctive and the Court is not aware of any. Nor does Petitioner offer legal authority demonstrating that federal district courts have inherent subject matter jurisdiction over all actions involving IRS administrative summonses. To the contrary, the provisions of the Internal Revenue Code to which Petitioner cites for that assertion–26 U.S.C. §§ 7602(b), 7604(a), and 7609(h) itself–specifically describe limitations on the jurisdiction of federal district courts in that respect. Further, as the United States correctly notes, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will be strictly construed, in terms of its scope, in favor of the sovereign." *Gomez-Perez v. Potter*, --- U.S. ---, 128 S.Ct. 1931, 1942-43 (2008) (internal quotations and citation omitted). In this case, 26 U.S.C. § 7609 "constitutes the United States'[] consent to a legal challenge of its authority to issue a third-party summons, [and] strict compliance with the terms of the statute is a jurisdictional requirement." *Bell v. United States*, 521 F. Supp. 2d 456, 458 (D.Md. 2007).

Nor does Petitioner offer any legal support for her claim that the term "resides or is found" should be read as referring to the Court's personal jurisdiction over the subpoenaed recordkeepers. *See* Pet.'s Surreply at 2. Rather, "[v]arious courts have found that the [] 'resides' or 'found' provisions in § 7609(h) go to a court's subject matter jurisdiction." *Cayman Nat'l Bank*, 2007 WL 641176, at *2. In light of the clear precedent confirming that 26 U.S.C. §

7609(h) involves the Court's subject matter jurisdiction over a petition to quash rather than personal jurisdiction over the summoned party, Petitioner's repeated analysis of the Court's purported personal jurisdiction over the third-party recordkeepers is entirely irrelevant. The Court therefore does not consider it herein, because "[t]he personal jurisdiction cases cited and discussed by Petitioner are inapposite to the Court's analysis of subject matter jurisdiction pursuant to 26 U.S.C. § 7609(h)(1)." *Cook v. United States*, No. CV 01-951-BR, 2002 WL 221084, * 2 (D.Or. Jan. 8, 2002).

In a final attempt to prevent the dismissal of her Petition, Petitioner argues that, even if this Court concludes that 26 U.S.C. § 7609(h) defines the Court's subject matter jurisdiction, the Court should find that the subpoenaed recordkeepers at issue are "found" in the District of Columbia by virtue of internet activity, and unspecified "affiliations with local businesses or provi[sion] of services to residents of the District of Columbia." Pet.'s Surreply at 3-6. Petitioner also suggests that she should be allowed to conduct discovery in order to determine the extent of the third-party recordkeepers' contacts with the District of Columbia. Petitioner's suggestions are unavailing for a number of reasons. As an initial matter, it is undisputed that none of the subpoenaed third-party recordkeepers "reside" in the District of Columbia. Further, while the handful of courts that have interpreted the phrase "is found" in 26 U.S.C. § 7609(h) have concluded that it "contemplates subject matter jurisdiction based on something other than residence," *Williams v. United States*, No. 1:05-mc-6, 2005 U.S. Dist. LEXIS 25673, * 5-6 (E.D.Tenn. Jul. 29, 2005), those courts have uniformly "required the actual physical presence of the summoned party within the district in order for the summoned party to be considered 'found' within the district," *Cayman Nat'l Bank*, 2007 WL 641176 at *3. Petitioner has offered no

evidence to that effect, nor does she maintain that the subpoenaed records are located in the District of Columbia. *See also Gerber*, 2006 WL 3077460 at *1. Finally, while Petitioner focuses on the subpoenaed third parties' alleged internet activity, various courts have found that internet commerce does not provide a court with subject matter jurisdiction under 26 U.S.C. § 7609(h). *See Oldham*, 2002 WL 850205 at *3; *Scharringhausen v. United States*, No. 02-CV-2343, 2003 WL 21517773, *1 (S.D.Cal. Jan. 15, 2003).

In short, Petitioner, who bears the burden of establishing subject matter jurisdiction, has offered no evidence whatsoever that any of the subpoenaed third parties have a physical presence within the District of Columbia. Nor is Petitioner entitled to jurisdictional discovery in order to find such evidence, because she has failed to offer even a suggestion that any of the entities at issue have a physical presence in the District of Columbia. Although jurisdictional discovery should be granted freely, it can be denied when the plaintiff has failed to present facts that could establish jurisdiction. *See Carribean Broad. Sys. Ltd. v. Cable & Wireless, PLC*, 148 F.3d 1080, 1089-90 (D.C. Cir. 1998) (affirming district court's denial of discovery when plaintiffs did not present sufficient evidence of jurisdiction); *Savage v. Bioport, Inc.*, 460 F. Supp. 2d 55, 62-63 (D.D.C. 2006) (denying jurisdictional discovery where plaintiff did not allege contacts with the District sufficient to establish general or specific jurisdiction). As such, the Court must conclude that it lacks subject matter jurisdiction to entertain the Petition to Quash because none of the subpoenaed third-party recordkeepers "resides or is found" in the District of Columbia.

Finally, Petitioner suggests that if this Court concludes it lacks subject matter jurisdiction over the Petition, it should transfer the case to another district "in the interest of justice." *See* Pet.'s Surreply at 9-10. However, the Court cannot do so in the instant case because the five

subpoenaed third-party recordkeepers in this case are located in four different judicial districts. *See* Resp.'s Surreply Resp. at 7 n.3. As such "[t]ransfer[ring] this case to any single judicial district would [] not cure the subject-matter [jurisdiction] deficiencies present in this case or serve[] the interests of judicial economy." *Id.*

### III.  CONCLUSION

For the foregoing reasons, the Court shall GRANT the United States' [6] Motion to Dismiss and shall DISMISS this case in its entirety. An appropriate Order accompanies this Memorandum Opinion.

Date:    August 4, 2008

                  */s/*
                  COLLEEN KOLLAR-KOTELLY
                  United States District Judge