IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIE K. MCCAMMON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:08-mc-00298 |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**UNITED STATES' OPPOSITION TO PLAINTIFF'S "MOTION FOR REHEARING AND MOTION FOR REHEARING *EN BANC*"**

On August 4, 2008, this Court granted the United States' motion to dismiss Julie K. McCammon's petition to quash administrative summonses issued by the Internal Revenue Service. Petitioner filed a "motion for rehearing and motion for rehearing *en banc*" on August 11, 2008. This motion should be denied because it requests a remedy that is not available and because it does not fulfill the requirements for a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).

**I.  McCammon's motion seeks an unavailable remedy**

McCammon seeks to have this Court's August 4, 2008 opinion order vacated and to have an *en banc* hearing with the judges of the District Court for the District of Columbia. (See Pet.'s Mot. 11-12.) However, McCammon provides no legal authority establishing that a rehearing or rehearing *en banc* is available. The United States, therefore, herein treats McCammon's motion as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). See ,e.g., Contee v. McPherson, No. 85-2748, 1988 WL 43818 at *1

(D.D.C. Apr. 27, 1998) (treating plaintiff's "motion for rehearing *en banc*" as a motion for a new trial pursuant to Fed. R. Civ. P. 59(b) based on the contents of the plaintiff's pleading).

### II.     Standards of Law

Fed. R. Civ. P. 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Motions pursuant to rule 59(e) "'need not be granted'" unless there is an "'intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice.'" Nwachukwu v. Karl, 222 F.R.D. 208, 210 (D.D.C. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205 (D.C. Cir.1996)). "The reconsideration and amendment of a previous order is an unusual remedy." Id. Finally, a "'Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled', or a vehicle for presenting theories or arguments that could have been advanced earlier." Jones v. Bernanke, 538 F. Supp. 2d 53, 60 (D.D.C. 2008) (citations omitted).

### III.    McCammon's pleading does not fulfill the requirements necessary to have a motion for reconsideration granted

McCammon's motion for rehearing *en banc* does not assert that there was an "intervening change of controlling law" or that "new evidence" is available. See Nwachukwu, 222 F.R.D. at 210. Even given the most liberal reading, her motion also fails to establish a "need to correct a clear legal error or prevent manifest injustice." Id.

McKammon merely claims that the Court inaccurately summarized that she failed to provide legal authority for her claim that 26 U.S.C. § 7609(h) is disjunctive and requires a personal jurisdiction analysis.  (Pet.'s Mot. ¶9.)  Petitioner then cites her memorandum of law in opposition to the United States' motion to dismiss which contains a citation to Skul v. United States, 2007 WL 1144799 (N.D. Ohio 2007).  (Pet.'s Mot. ¶ 10.)  The Skul case is not, however, binding precedent on this Court.  Further, the Court addressed at length, and rejected based on "clear precedent," petitioner's claims that section 7609(h) is disjunctive and entails a personal jurisdiction analysis.1/  (Op. 3-7.)

McCammon has not fulfilled the requirements for a motion for reconsideration.  Put simply, she seeks to "reargue facts and theories upon which [the] court has already ruled.'"  Jones v. Bernanke, 538 F. Supp. 2d at 60.

## Conclusion

Julie K. McCammon's motion for rehearing *en banc* seeks a remedy that is not available.  Therefore, her motion should be treated as motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).  McCammon has failed to establish an "intervening change of controlling law," that "new evidence" is available, or that a "clear legal error" needs to be corrected.  Nwachukwu, 222 F.R.D. at 210. Her motion should be denied.

---

1/The remainder of McCammon's claims are, therefore, immaterial as this Court held that it did not have subject matter jurisdiction over the case.

Date: August 19, 2008.

                                      Respectfully submitted,

                                      /s/ Benjamin J. Weir
                                      BENJAMIN J. WEIR (D.C. Bar No. 494045)
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 227
                                      Ben Franklin Station
                                      Washington, D.C.  20044
                                      Telephone: (202) 307-0855
                                      Fax: (202) 514-6866
                                      benjamin.j.weir@usdoj.gov
                                      *Counsel for United States*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

**CERTIFICATE OF SERVICE**

I, Benjamin J. Weir, certify that on August 19, 2008, true and correct copies of the foregoing opposition were sent via postage prepaid U.S. Mail to the following:

>Chase Bank NA
>One Chase Manhattan Plaza
>26th Floor
>New York, NY 10005-1489
>
>Huntington Banks
>230 W. Pike St.
>Clarksburg, WV 26301
>
>WesBanco
>1130 Johnson Ave.
>Bridgeport, WV 26330
>
>Shopbop.com
>101 E. Badger Rd.
>Madison, WI 53713
>
>QVC
>1200 Wilson Dr.
>West Chester, PA 19380

and via the Court's ECF filing protocol to:

>ELIAS AOUN, ESQUIRE
>1730 N. Lynn Street, No. A-22
>Arlington, VA  22209
>Eliaoun@yahoo.com.

>>/s/ Benjamin J. Weir
>>BENJAMIN J. WEIR

3520735.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIE K. MCCAMMON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:08-mc-00298 |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

Upon considered of the Julie K. McCammon's motion for rehearing and motion for rehearing *en Banc*, the United States' opposition thereto, and for good cause shown, it is:

ORDERED that Petitioner Julie K. McCammon's motion for rehearing and motion for reharing *en Banc* is DENIED.

Dated: _____, 2008          _____
                                  UNITED STATES DISTRICT JUDGE

3521222.1

**CERTIFICATE OF SERVICE**

    I, Benjamin J. Weir, certify that on August 19, 2008, true and correct copies of the foregoing proposed were sent via postage prepaid U.S. Mail to the following:

        Chase Bank NA
        One Chase Manhattan Plaza
        26th Floor
        New York, NY 10005-1489

        Huntington Banks
        230 W. Pike St.
        Clarksburg, WV 26301

        WesBanco
        1130 Johnson Ave.
        Bridgeport, WV 26330

        Shopbop.com
        101 E. Badger Rd.
        Madison, WI 53713

        QVC
        1200 Wilson Dr.
        West Chester, PA 19380

and via the Court's ECF filing protocol to:

        ELIAS AOUN, ESQUIRE
        1730 N. Lynn Street, No. A-22
        Arlington, VA  22209
        Eliaoun@yahoo.com.

        /s/ Benjamin J. Weir
        BENJAMIN J. WEIR

3521222.1