# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JULIE K. MCCAMMON, )
)
    Petitioner, )
)
v. ) CASE NO: 1:08-mc-00298 (CKK)
)
UNITED STATES, et al., )
)
    Respondents. )
_____)

## Petition for Stay Pending Appeal

1. Petitioner Julie McCammon petitions this court pursuant to FRCivP Rule 62 for a stay of proceeding pending appeal. A motion has been filed with the court to consolidate this case with case number 1:08-mc-00340 to facilitate the work with the U.S. Court of Appeals.

2. Petitioner filed an action to quash IRS summonses issued and directed to third-parties record-keepers, pursuant to 26 USC § 7609. Respondent banks and corporate entities took a neutral stance and did not actively participate in the proceedings. They were duly served, permitted their time to answer to elapse, and never objected to the Court's jurisdiction, or place of suit, by motion, pleading or otherwise.

3. Petitioner raised substantial grounds in her pleadings as to why the Court has jurisdiction to quash the IRS summonses and why the summonses should not be enforced. However, the District Court granted the United States' motion to dismiss on August 4th and 5th. In addition,

    the District Court denied Petitioner's motion for a rehearing or reconsideration on August 22, 2008.

4. Petitioner is intending to file her Notice of Appeal of the same and requests from this court a stay of the execution of the judgment until her appeal could be heard and decided. Under FRCivP 62(a), Petitioner is automatically entitled to a ten-day stay but Petitioner requests more time than that to perfect and file her appeal.

5. Petitioner's appeal would be rendered ineffective without a stay and she would suffer irreparable harm in that:

    a. Her privacy would be infringed upon. The information held by Respondents is personal and confidential – the type that should not be copied, distributed to, and examined by scores of government agents.

    b. The government agents will have access to a tremendous amount of personal information, the vast majority of which has no bearing whatsoever to a legitimate use of the IRS.

    c. The Constitutional Rights of Petitioner would be permanently destroyed.

    d. The information and knowledge of Petitioner's activities cannot be erased from the minds of agents, who would have immediate access to the records, nor could the records be removed from the agency. The facts are inescapable: once the bureaucracy gains

access to Petitioners' records, the damage could not be undone, even by "all the king's men".

6. The United States would not be harmed or prejudiced in any way by a temporary stay as the records in Respondents' possession will not be destroyed or altered. Until the appeal court has had an opportunity to examine the case, the United States should not be allowed to infringe on a citizen's privacy.

7. Petitioner has raised legitimate and substantial issues in this case. She has made a strong showing. She is likely to prevail on the merits of the appeal, which will be filed on the following grounds:

   **A.   The U.S. District Court ignored the interests of Petitioner and the judicial system**

8. A court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." *World-Wide Volkswagen*, 444 U.S., at 292, 100 S.Ct., at 564 (citations omitted). *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano* 480 U.S. 102 at 113, 107 S.Ct. 1026 (U.S.Cal.,1987)

9. It would be nearly impossible for Petitioner to contest IRS summonses in at least five different states, with five different filing costs and attorney

fees. Petitioner's due process would be severely undermined, and such a measure could potentially deny petitioner's opportunity to be heard.

10. If the Court of Appeals does not accept Petitioner's appeal, then the Court must grant Petitioner a window of 30 to 60 days after the Court's ruling to allow Petitioner ample time to file in various jurisdictions. The 20 days provided under 26 U.S.C. §7609(b)(2) have already expired. However, Petitioner still believes that the best jurisdiction to be heard is in the District of Columbia where she has already retained an attorney, and which most respondents have not challenged.

**B.    The U.S. District Court is improperly interpreting 26 U.S.C. §7609(h)**

11. The U.S. District Court accused Petitioner of not offering authority for the argument that section §7609 is disjunctive and for not presenting legal support for "resides or is found" to be read as referring to personal jurisdiction when petitioner had done so.

12. The District Court stated that *Skul* is not binding. However, a difference of opinion between two district courts on the meaning of 26 U.S.C. §7609(h) raises a fundamental question about whether the interpretation of the U.S. District Court for the District of Columbia is the proper interpretation. To ignore another Court's opinion – simply because the opinion belongs to another court, without specifically explaining the fault in that opinion or the fault in other aspects of Petitioner's argument – does not by itself serve the interest of justice.

13. Courts have been overruled often. This element by itself is sufficient for the Court of Appeals to hear Petitioner's case: Whether the "resides or is found" language in 26 U.S.C. §7609(h) goes to the Court's subject-matter or personal jurisdiction. If the answer is the former, then how personal jurisdiction is decided under that provision?

14. The U.S. District Court rejected Petitioner's arguments without stating how personal jurisdiction is decided in said provision, or why the legal authorities presented by Petitioner were wrong.

> **C.    The U.S. District Court overlooked the *International Shoe* standards without outlining how each of the four minimum contacts principles of *International Shoe* presented by petitioner fail in this case.**
>
> **D.    The U.S. District Court did not address Petitioner's argument that banks are instrumentalities of the federal government, and thus could be sued within the District of Columbia.**
>
> **E.    The U.S. District Court did not address Petitioner's §1332 jurisdiction argument.**
>
> **F.    The U.S. District Court simply took whatever few arguments made by Plaintiff that it considered faulty, and then ignored all Plaintiff's positive arguments that are in her favor.**
>
> **G.    The U.S. District Court did not address the fact that Respondent United States resides in the District of Columbia**

      **and whether jurisdiction over one respondent could offer jurisdiction to hear the case.**

    **H.**    **The District Court denied Petitioner's request for discovery.**

    **I.**    **The District Court did not consider Petitioner's Fifth Amendment argument claiming that it was "unable to consider Petitioner's substantive argument." However, Petitioner was using the Fifth Amendment to argue that a district court has jurisdiction to hear a case, and not for any other "substantive" purpose. All of Petitioner's argument on the Fifth Amendment in her reconsideration motion revolved only around the jurisdictional issue.**

15. Petitioner sought to rectify many of these issues before the District Court by filing a motion for rehearing, which the Court labeled a motion for reconsideration. The District Court denied that motion and failed to specifically answer the questions posed or to afford the relief requested.

16. In both the order to dismiss petition and the Order to deny reconsideration, the court ruled against Petitioner's arguments without considering many of them. The Court failed to properly weigh the merits of the arguments presented to it, whereas the positives in Petitioner's favor outweighed the negatives.

17. The Court has abused its discretion in rejecting Petitioner's motion pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) states that "a motion to alter or amend a judgment must be filed no later than 10

days after the entry of the judgment." Petitioner's motion was filed within or about seven days.

18. The Court also abused its discretion by claiming that "Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled." In this case, the Court has not ruled on all the arguments presented to it. It simply never addressed them, intentionally ignored them, and then claimed to have ruled on them.

19. The Court said that to grant a motion under Rule 59(e), the court has to find "the need to correct clear error or manifest injustice." Petitioner had submitted arguments on August 11th detailing how the Court's ruling in dismissing the case manifests injustice against Petitioner and contains reasoning that is in potential conflict with Supreme Court decisions. In its August 22 Order, the Court ignored the Supreme Court citations and Petitioner's argument.

20. The District Court argued that motions under Fed. R. Civ. P. 59(e) are granted "only when the moving party establishes extraordinary circumstances." Petitioner is not sure what would be more "extraordinary" than for the District Court to ignore many of Petitioner's argument, Supreme Court decisions, and then rule as if these arguments and decisions do not exist.

21. In summary, the District Court is refusing to address arguments presented to it. All of Petitioner's arguments should have been heard.

Petitioner is prejudiced by the Court's failure to do so, and the Court is abusing its discretion by not hearing all of Petitioner's claims.

22. Petitioner's Constitutional Rights depend on this court granting a stay. If not, the IRS will seize Petitioner's records from the third-party record-keeper. Then, when the Petitioner files her appeal brief, the US Attorney will file a Motion to Dismiss on grounds of mootness, alleging that the government already has the records -- therefore, Petitioner's privacy is moot!

23. Courts had previously ruled that if the lower court does not grant the stay and the IRS gains access to the records, Petitioner's Constitutional rights are moot and no appeal will be allowed.

24. Consequently, the Court needs to (a) stay the execution of the mandate, or (b) enter into the record the Court determination that lack of such should not deny Petitioner her due process right to appeal.

Respectfully submitted,

\_\_\_\_/s/ Elias Aoun_____                    Date: August 29, 2008
Elias Aoun, Esq. Bar Number 479315
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
Cell Phone 202-257-7796

## CERTIFICATE OF SERVICE

I, Elias Aoun, certify that on or about August 29, 2008, true and correct copies of the foregoing were sent via the Court's ECF service protocol to the following:

>BENJAMIN J. WEIR, ESQUIRE
>Trial Attorney, Tax Division
>U.S. Dept. of Justice
>P. O. Box 227
>Ben Franklin Station
>Washington, DC 20044

and via the U.S. Mail to the following:

>Chase Bank NA
>One Chase Manhattan Plaza
>26th Floor
>New York, NY 10005-1489
>
>Huntington Banks
>230 W. Pike St.
>Clarksburg, WV 26301
>
>WesBanco
>1130 Johnson Ave.
>Bridgeport, WV 26330
>
>Shopbop.com
>101 E. Badger Rd.
>Madison, WI 53713
>
>QVC
>1200 Wilson Dr.
>West Chester, PA 19380.

>__/s/ Elias Aoun__
>ELIAS AOUN

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE K. MCCAMMON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CASE NO: 1:08-mc-00298 (CKK) |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Respondents. | ) |

**Order for Stay Pending Appeal**

This matter comes before me, upon request of Petitioner for a stay pending appeal of the Orders of the District Court.  I find that Petitioner's rights would be violated unless a stay is granted. Upon consideration,

IT IS ORDERED, that a stay be, and the same is hereby granted, pending the hearing and determination of the appeal, or until further order of the Court.

_____          Date: _____
United States District Judge