UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE K. MCCAMMON,<br><br>    Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Respondents. | Misc. Action No. 08-298  (CKK) |

**MEMORANDUM OPINION**
(December 2, 2008)

Petitioner Julie K. McCammon brought the above-captioned miscellaneous action as a Petition to Quash five Internal Revenue Service ("IRS") summons issued to third-party recordkeepers for information related to her financial activities.  This Court subsequently granted the United States' Motion to Dismiss for lack of subject matter jurisdiction and dismissed the miscellaneous case in its entirety.  Petitioner also filed a Motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which the Court denied.  Petitioner then filed the current Motion to Stay Pending Appeal, which is opposed by the United States.  Upon review of the Parties' submissions, history of the case, relevant case law and statutory authority, the Court shall DENY Petitioner's [18] Motion to Stay Pending Appeal, for the reasons set forth below.

**I.  BACKGROUND**

The instant case involves five third-party IRS summons issued to (1) shopbop.com, (2) QVC, (3) WesBanco, (4) Huntington Banks, and (5) Chase Bank NA (the "Subpoenas").  The Subpoenas seek records of purchases made under accounts held in Petitioner's name or in the name of an alias, as well as Petitioner's financial records.  *See* Attachments to Petition, Docket No. [1]. On May 12, 2008, Petitioner filed a Petition to Quash the Subpoenas.  *See generally* Petition to

Quash, Docket No. [1].[1]  On June 4, 2008, the United States moved to dismiss the Petition to Quash for lack of subject matter jurisdiction, *see* Resp.'s MTD, Docket No. [6], arguing that petitions to quash must be filed in the judicial districts in which the summoned parties are located, and that the relevant third-party recordkeepers in this case reside outside of the District of Columbia, *see* Resp.'s Response at 1-2, Docket No. [10].  The Court agreed with the United States and granted the Motion to Dismiss for lack of subject matter jurisdiction.  08/04/08 Order, Docket No. [12], ("August 4, 2008 Order").  The instant case was therefore dismissed in its entirety.  *Id.*  Petitioner subsequently filed a Motion [14] for Rehearing and Motion for Rehearing *En Banc*, which the Court treated as a motion for reconsideration pursuant to Rule 59(e).  *See* 08/22/08 Order, Docket No. [16], ("August 22, 2008 Order").  The Court denied Petitioner's Motion, finding that Petitioner had not met the standard for reconsideration and offered the Court no reason to reconsider the August 4, 2008 Order.  *Id.*  Accordingly, the Court never reached the merits of Petitioner's Petition to Quash.

Petitioner subsequently filed a Motion to Stay Pending Appeal pursuant to Rule 62, which is now pending before the Court.  Docket No. [18], ("Pet.'s Mot.").  Petitioner generally argues that she would suffer irreparable harm if the subpoenas were enforced prior to her appeal, thereby rendering the appeal moot.  Pet.'s Mot. at 2.  She further contends that the United States would not be harmed or prejudiced by a stay, and that she is likely to prevail on the merits of the appeal.  *Id.*  The United States filed an Opposition to Petitioner's Motion for Stay Pending Appeal.  Docket No. [19], ("Resp.' Opp'n").  Although the time for filing a Reply has passed, Petitioner did not file any such response with the Court.  Accordingly, Petitioner's Motion for Stay Pending Appeal is now

---

[1] On May 29, 2008, Petitioner commenced a second miscellaneous action by filing another petition to quash an additional summons issued to Chase Bank NA, *McCammon v. United States*, Misc. Action No. 08-340.  Petitioner filed an almost identical motion to stay pending appeal in that case, which the Court considers in a separate memorandum opinion.

ripe for review.[2]

## II.  LEGAL STANDARDS

As an initial matter, the Court notes that there is a disconnect between Petitioner's arguments and her requested relief.  Although Petitioner's Motion requests a "stay of proceeding[s] [*sic*] pending appeal," Pet.'s Mot. at 1, Petitioner's arguments focus almost entirely on the need to secure relief from the enforcement of the subpoenas pending appeal, *see generally* Pet.'s Mot.  As explained above, the Court dismissed the instant case for a lack of subject matter jurisdiction.  *See* August 4, 2008 Order; August 22, 2008 Order.  The Court thus never reached the merits of or ruled on the Petitioner's Petition to Quash, and certainly did not order the subpoenas enforced.  *See id.*  It is therefore entirely unclear to the Court how a stay of the proceedings, in which the Court ordered the instant lawsuit dismissed for a lack of subject matter jurisdiction, would address Petitioner's concerns.

Rather, it appears that Petitioner in actuality seeks to have the Court issue an *injunction* prohibiting the enforcement of the subpoenas pending appeal.  But, having already determined that it lacks subject matter jurisdiction over the Petitioner's Petition to Quash, the Court also lacks the authority to provide injunctive relief to Petitioner pending appeal.  *See Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 294-95 (D.C. Cir. 2000) ("But just as a Court without jurisdiction over an underlying case has no jurisdiction to issue a subpoena (unless issued in aid of determining

---

[2]Petitioner filed a Notice of Appeal on September 22, 2008 as to the Court's August 4, 2008 Order dismissing the instant case and the Court's August 22, 2008 Order denying Petitioner's Motion for Reconsideration.  *See* Docket No. [21].  Although a party's filing of a notice of appeal generally divests the district court of jurisdiction over the matter being appealed, it does *not* deprive a district court of jurisdiction over a motion for stay of its judgment or to grant an injunction pending appeal.  *See* FED. R. CIV. P. 62; *see also Cobell v. Norton,* 310 F. Supp. 2d 77, 83 (D.D.C. 2004) (citing *Sec. Indus. Ass'n v. Bd. of Governors of the Fed. Reserve Sys.*, 628 F.Supp. 1438, 1440 n. 1 (D.D.C.1986)).

jurisdiction), or to enforce it by civil contempt, so too a court without jurisdiction over an underling case cannot issue an [injunction], or enforce it by civil contempt.") (internal citations omitted). Moreover, even if the Court had jurisdiction to issue an injunction, motions for an injunction pending appeal are governed by the same standard as motions for stay pending appeal—a standard that, as discussed below, counsels against granting either a stay or injunction pending appeal in the case at hand.[3]

Although Petitioner indicates that subsection (a) of Federal Rule of Civil Procedure 62 serves as the basis for her request for a stay, the Court nonetheless determines that subsection (c) of Rule 62 is the only subsection that arguably applies to Petitioner's Motion for Stay Pending Appeal.[4]  The Court shall therefore presume that Petitioner intends to proceed under Rule 62(c),

---

[3]Petitioner alternatively requests the Court "(a) stay the execution of the mandate, or (b) enter into the record the Court [*sic*] determination that lack of such [stay] should not deny Petitioner her due process right to appeal."  Pet.'s Mot. at 8.  This request is unintelligible, as mandates are issued by the Court of Appeals, *see* D.C. Circuit Local Rule 41 ("Mandate: Contents; Issuance and Effective Date; Stay), not by the District Courts.

Petitioner also requests that, "[i]f the Court of Appeals does not accept Petitioner's appeal, then the Court must grant Petitioner a window of 30 to 60 days after the Court's ruling to allow Petitioner ample time to file in various jurisdictions."  Pet.'s Mot. at 4.  This request is similarly puzzling.  Setting aside the fact that Petitioner has failed to provide any legal authority for her assertion that the Court "must" grant Petitioner such additional time, Petitioner may appeal this Court's orders in the instant case as *a matter of right* upon filing the notice of appeal.  *See* D.C. Circuit Local Rules 3 ("Appeals of Right-How Taken) and 4 ("Appeals of Right-When Taken").

[4]The United States argues that "[c]ases concerning IRS administrative summons are 'in the nature of an injunction."  Resp.'s Opp'n at 2 (quoting *United States v. Puckett*, 573 F. Supp. 713, 716 (E.D. Tenn. 1981)).  Petitioner filed no reply and therefore does not dispute this assertion.  Although the Court never reached the merits of the Petition to Quash the IRS summons at issue here, the Court accepts, without deciding, the Government's assertion that the underlying case should be characterized as an action for an injunction. Accordingly, Rule 62(c) is the only applicable subsection.

Rule 62(a) provides for an automatic stay of 10 days pending appeal for all cases, except

which provides, in pertinent part: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore or grant an injunction on terms for bond or other terms that secure the opposing party's rights." FED. R. CIV. P. 62(c).

A party who moves for a stay or injunction pending appeal bears the burden of showing the balance of four factors weigh in favor of the stay/injunction: (1) the likelihood that the party will prevail on the merits of the appeal; (2) the likelihood that the party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting a stay. *United States v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 988, 990 (D.D.C. 2006) (delineating factors to be considered in determining whether stay pending appeal is warranted) (citing *Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985); *Resolution Trust Corp. v. Burke*, 874 F. Supp. 23, 25 (D.D.C. 1995) (evaluating motion to stay enforcement of subpoenas pending appeal under same four factor test). A party does not

---

appeals taken from a judgment in an action for an injunction, a receivership or for an accounting in an action for patent infringement. FED. R. CIV. P. 62(a). Because Petitioner filed her Motion for Stay more than 10 days after the Court's Order dismissing this case and because the Court treats this case as an action for an injunction, the automatic stay provisions of Rule 62(a) are inapplicable.

Rule 62(d) provides that a party appealing a money judgment may obtain a stay pending appeal upon the posting of a supersedeas bond. Fed. R. Civ. P. 62(d); *see also OmniOffices, Inc. v. Kaidanow*, 201 F. Supp. 2d 41 (D.D.C. 2002) ("Typically, only appeals from monetary judgments warrant a stay under Federal Rule of Civil Procedure 62(d) . . . . The D.C. Circuit has criticized stays granted in cases involving appeals from non-monetary judgments.") (citing *FTC v. TRW, Inc.*, 628 F.2d 207, 210 n.3 (D.C. Cir. 1980)). Petitioner is not appealing a money judgment, nor has Petitioner posted a supersedeas bond. Rule 62(d) is therefore inapplicable as well.

The other subsections of Rule 62—subsections (b), (e), (f), (g) and (h)—do not, by their plain language, apply to the instant case. Accordingly, the Court concludes that Petitioner seeks a stay pending appeal pursuant to Rule 62(c), as described in the text above.

necessarily have to make a strong showing with respect to the first factor (likelihood of success on the merits) if a strong showing is made as to the second factor (likelihood of irreparable harm). *Cuomo,* 772 F.2d at 973 ("[p]robability of success is inversely proportional to the degree of irreparable injury evidenced.  A stay may be granted with either a high probability of success and some injury, or *vice versa*").  "However, it must be remembered that granting a stay pending appeal is 'always an extraordinary remedy, and that the moving party carries a heavy burden to demonstrate that the stay is warranted." *Philip Morris USA, Inc.*, 449 F. Supp. 2d at 990 (internal citations omitted).  "In exercising its discretion whether to grant the stay, and in considering the factors set forth in the case law, the Court must ultimately balance all equities." *Id.*

### III.  DISCUSSION

Having now determined the appropriate legal standards in this case, the difficult part of the Court's analysis is done.  Given Petitioner's failure to provide any legal or factual support whatsoever for her claim that she is entitled to either a stay or injunction pending appeal pursuant to Rule 62(c), the Court easily concludes that Petitioner has not met her "heavy burden" of demonstrating that the "extraordinary remedy" of a stay or injunction pending appeal is warranted.

*A.  Petitioner's Likelihood Of Prevailing On The Merits Of The Appeal*

Petitioner has not shown that she is likely to prevail on the merits of the appeal.  The weight of authority demonstrates that petitions to quash summonses issued to third-party recordkeepers must be filed in the judicial districts in which the summoned parties are located.  *See* August 4, 2008 Order at 5 (citing cases).  Where, as here, the petition to quash is filed in a judicial district in which none of the third-party recordkeepers are located, the precedent makes clear that the Court lacks subject matter jurisdiction over the petition to quash.  Petitioner's Motion is entirely devoid of

any case law supporting her claim that this Court has subject matter jurisdiction over the underlying case. *See generally* Pet.'s Mot. Moreover, to the extent Petitioner continues to argue that 26 U.S.C. § 7609(h) refers to personal jurisdiction, rather than subject matter jurisdiction, Petitioner's sole reliance on dicta from a single, unreported case is insufficient to overcome the weight of the authority to the contrary. *See* Pet.'s Mot. at 4 (citing *Skul v. United States*, No. 5:07 CV 0601, 2007 WL 1144799 (N.D. Ohio Apr. 16, 2007)). Although Petitioner avers that she "still believes that the best jurisdiction to be heard is in the District of Columbia where she has already retained an attorney," *see* Pet.'s Mot. at 4, her own personal belief as to the convenience of a particular venue is irrelevant to the legal question of the Court's jurisdiction. Put simply, Petitioner has provided no compelling legal or factual support for her claim that this Court has jurisdiction over the Petition to Quash, and her likelihood of success on appeal is *de minimis* at best. This factor therefore counsels against granting a stay or injunction pending appeal.

        B. *The Likelihood That Petitioner Will Be Irreparably Harmed Absent A Stay*

Petitioner has not shown that she will be irreparably harmed absent a stay. Petitioner's arguments on this point focus entirely on the harm that she alleges would result if the third-party subpoenas are enforced prior to her appeal. Specifically, Petitioner contends—without legal support—that a stay is warranted because her constitutional right to privacy would be infringed and her appeal would be rendered "ineffective" if the subpoenas are enforced prior to her appeal being heard and decided. *See* Pet.'s Mot. at 2-3, 8. As an initial matter, this argument is irrelevant to the likelihood that Petitioner would be irreparably harmed absent a stay of the Court's orders dismissing the case for lack of subject matter jurisdiction. Although relevant to a determination of whether an injunction pending appeal is warranted, Petitioner has failed to provide even a single citation to any legal authority supporting this claim. *See generally id.* Petitioner's own

unsupported hyperbole aside, she has offered no credible legal support for her position that the "extraordinary remedy" of issuing an injunction is warranted. Furthermore, as the United States pointed out and as Petitioner does not contest, the IRS could be enjoined from using the subpoenaed documents in any administrative or court action if Petitioner's appeal is successful. *See* Resp.'s Opp'n at 2. Accordingly, the Court finds that Petitioner has failed to meet her burden of demonstrating that she will likely be irreparably harmed absent a stay or injunction. This factor therefore counsels against granting a stay or injunction pending appeal.

### C. *The Prospect That Others Will Be Harmed If The Court Grants The Stay*

Petitioner argues, again without support, that the United States would not be harmed or prejudiced in any way by a stay in this case. Pet.'s Mot. at 3. In contrast, the United States argues that a stay would prevent the Government from carrying out its duties to lay and collect taxes. Resp.'s Mot. at 3. Although a stay of the Court's order dismissing the instant lawsuit is unlikely to cause harm to others, the Court agrees with the United States that an order enjoining enforcement of the subpoenas pending appeal would harm the Government's ability to collect taxes. Therefore, to the extent this factor is applicable to the situation at hand, the Court finds that it further counsels against granting a stay or injunction pending appeal.

### D. *The Public Interest In Granting A Stay*

Although Petitioner vaguely references the "interests . . . of the judicial system" in arguing for a stay, *see* Pet.'s Mot. at 3, the Court agrees with the United States that the public interest in fact favors a prompt and final resolution of the instant lawsuit, which has delayed the Government's effort to carry out its duties to collect and lay taxes, *see* Resp.'s Mot. at 3. Therefore, this factor also counsels against granting a stay or injunction pending appeal.

Accordingly, the Court finds that the balance of the equities weighs against the issuance of a

stay or injunction in this case.  Petitioner has not shown either that she is likely to prevail on the merits or that she will be irreparably harmed absent a stay, and the public interest also counsels against a stay in this case.  Likewise, Petitioner has failed to show that the Government will not be harmed by an injunction pending appeal.  The Court therefore concludes, in its discretion, that Petitioner has not met her "heavy burden" of demonstrating that a stay pending appeal is warranted nor that an injunction pending appeal is warranted, even assuming that the Court had jurisdiction to so order.

## IV.  CONCLUSION

For the foregoing reasons, the Court shall DENY Petitioner's [18] Motion for Stay Pending Appeal.  This case remains dismissed in its entirety.  An appropriate Order accompanies this Memorandum Opinion.

Date:   December 2, 2008

>    */s/*
>    COLLEEN KOLLAR-KOTELLY
>    United States District Judge